UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAUREEN SANTINI,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JAMES RYAN,  )<br>  )<br>Defendant.  )<br>  ) | Civil Action No. _____ |

## NOTICE OF REMOVAL

James Ryan, pursuant to 28 U.S.C. § 1446, hereby notices the removal of the above-captioned action. The grounds for removal are as follows:

1. Ryan is the defendant in an action pending in the Superior Court of the District of Columbia that is styled *Maureen Santini v. James Ryan*, Civil Action No. 2992-07. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon defendant are attached.

2. This action was commenced on April 30, 2007, when plaintiff filed a complaint in the said Superior Court. Ryan's counsel received a copy of the complaint, summons, and other papers on May 1, 2007. Plaintiff has since sought leave to file an amended complaint.

3. Thirty days have not elapsed since this action became removable to this Court, as required by 28 U.S.C. § 1446(b).

4. Plaintiff is a resident of Maryland.

5. Ryan is a resident of Virginia.

6.  The matter in controversy in this action exceeds $75,000, exclusive of interest and costs.

7.  This action is a civil action of which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship of the parties.

8.  Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b).

9.  Upon the filing of this notice of removal, Ryan, as required by 28 U.S.C. § 1446(d), will give written notice thereof to plaintiff and will file a copy of the notice of removal with the Clerk of the Superior Court of the District of Columbia.

Charles B. Wayne (# 935858)
DLA PIPER US LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036
(202) 861-3900
(202) 689-7634

*Counsel for Defendant*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of May, 2007, a copy of the foregoing Notice of Removal was served by first-class mail on Maureen Santini, 5810 Ipswich Road, Bethesda, MD 20814.

Charles B. Wayne

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MAUREEN SANTINI
5810 Ipswich Road
Bethesda, MD 20814
    Plaintiff

    v.

JAMES RYAN
5918 Chesterbrook Road
McLean, VA 22101
    Defendant

Case No. _____  0002992-07

*[Stamp: RECEIVED Civil Clerk's Office APR 3 0 2007 Superior Court of the District of Columbia Washington, D.C.]*

## COMPLAINT

COMES NOW Maureen Santini, pro se, and respectfully files this complaint based on breach of confidential relationship and breach of attorney-client relationship against James Ryan.

1. Jurisdiction over the subject matter of this complaint lies in this Court under DC CODE §11-921.

2. Plaintiff is currently a resident of Bethesda, Maryland. She was a resident of Washington, D.C. when she hired James Ryan in 1997 and engaged in an attorney-client relationship with him.

3. On information and belief, Ryan is an attorney licensed to practice law in Washington, D.C. During the time period of this complaint he was employed by Covington & Burling and his principal place of business was 1201 Pennsylvania Avenue NW, Washington, D.C.

4. Ryan conducted business in Washington, D.C., and entered into contracts in Washington, D.C.

5. Venue for this action rests with the D.C. Superior Court.

1

COUNT I

6. Plaintiff re-alleges and incorporates paragraphs 1-5 above.

7. As a result of their attorney-client relationship from 1997 to 2001, Ryan accumulated documents pertaining to all facets of plaintiff's employment including notes about private, privileged conversations and verbatim transcripts of voice mails.

8. These files were confidential because of the attorney-client privilege and because of the nature of the subject matter (employment issues).

9. When dealing with Ryan about employment matters, plaintiff had an expectation of complete confidentiality. The attorney-client relationship was never officially terminated.

10. On or about November 2, 2004, Ryan permitted a complete copy of his files pertaining to plaintiff to be produced as part of discovery to parties in Case No. CA-03-7616 even though Ryan was not a party to the case.

11. Ryan did not seek plaintiff's permission to produce the files.

12. Production of plaintiff's employment files without her advance knowledge or permission violated attorney-client privilege and the Rules of Professional Responsibility.

WHEREFORE plaintiff brings this action and demands judgment of $40,000.

COUNT II

13. Plaintiff re-alleges and incorporates paragraphs 1-12 above.

14. For producing his files pertaining to his representation of plaintiff, Ryan breached his confidential relationship with plaintiff and violated the Rules of Professional Responsibility.

WHEREFORE plaintiff brings this action and demands judgment of $40,000.

COUNT III

15. Plaintiff re-alleges and incorporates paragraphs 1-5 above.

2

16. On September 12, 2000 plaintiff and Ryan had a confidential conversation covered by attorney-client privilege.

17. On May 3, 2004, Ryan unilaterally made public his recollection of the conversation for use by defendants in a lawsuit initiated by plaintiff.

18. At no time did plaintiff give Ryan permission to divulge the confidential conversation.

19. At no time did Ryan seek plaintiff's permission to divulge the confidential conversation.

20. Divulging the conversation breached attorney-client privilege and violated the Rules of Professional Responsibility.

21. Purposefully divulging the conversation for use against plaintiff in a lawsuit to which Ryan was not a party was an unconscionable breach of attorney-client privilege and a violation of the Rules of Professional Responsibility.

WHEREFORE plaintiff brings this action and demands judgment of $40,000.

COUNT IV

22. Plaintiff re-alleges and incorporates 1-5 above and 17-21 above.

23. In making public a private conversation, Ryan breached his confidential relationship with plaintiff in violation of the Rules of Professional Responsibility.

24. Purposefully making public a private conversation for use against plaintiff in a lawsuit to which he was not a party was an unconscionable breach of his confidential relationship with plaintiff in violation of the Rules of Professional Responsibility.

WHEREFORE plaintiff brings this action and demands judgment of $40,000.

I solemnly declare and affirm under penalty of perjury that the matters and facts set forth above are true to the best of my knowledge.

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

MAHNAZ BAHRAMI
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires September 24, 2007

4

## CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington,   D.C.   20001   Telephone:   879-1133

| | |
|---|---|
| Maureen Santini | |
| *Plaintiff* | 0002992-07 |
| VS. | Civil Action No. |
| James Ryan | |
| 5918 Chesterbrook Road, McLean, VA 22101 | |
| *Defendant* | |

### SUMMONS

To  the  above  named  Defendant.

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have 60 days after  service of this summons to serve  your Answer.  A  copy  of the Answer must be  mailed   to  the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**   If plaintiff has no attorney, a copy of the Answer must be  mailed  to  the plaintiff at  the  address stated  on  this  Summons.

You  are  required to file  the  original Answer with  the  Court  in  Room JM 170  at 500 Indiana Avenue.   N.W.  between 9:00 am. and 4:00 pm., Mondays through Fridays  or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer  with  the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff  If you fail to file an Answer, judgment   by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Maureen Santini, pro se | |
| Name of Plaintiff's Attorney | By _____ |
| 5810 Ipswich Road | *Deputy Clerk* |
| Address | |
| Bethesda, MD 20814 | |
| 301.530.0101 | Date 4.30.07 |
| Telephone | |

PUEDE  OBTENERSE  COPIAS  DE  ESTE FORMULARIO  EN  ESPAÑOL  EN  EL  TRIBUNAL  SUPERIOR  DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98        **NOTE:**  SEE  IMPORTANT  INFORMATION  ON  BACK  OF  THIS  FORM.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MAUREEN SANTINI
   Vs.
JAMES RYAN

C.A. No.      2007 CA 002992 M

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MELVIN R WRIGHT
Date:   April 30, 2007
Initial Conference: 9:30 am, Friday, August 10, 2007
Location:  Courtroom 200
         500 Indiana Avenue N.W.
         WASHINGTON, DC  20001

Caio.doc

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

## SCR CIV FORM 1-A
### Notice and Acknowledgment for Service by Mail
## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| Maureen Santini | |
| *Plaintiff* | |
| V. | Civil Action Number 2007 CA 002992 M |
| James Ryan | |
| *Defendant* | |

## NOTICE

To:    Name    Charles B. Wayne

Address    DLA Piper Rudnick, 1200 19th Street NW

Washington DC 20036

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you or the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of  Summons, Complaint and Initial Order was mailed on **(insert date)** April 30, 2007

*Signature*    April 30, 2007
    Date of Signature

### Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

**(address)**

| | | |
|---|---|---|
| **Signature** | **Relationship to Defedant/Authority** *To Receive Service* | **Date of Signature** |

Form CV(6)-1590/Mar 97

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| MAUREEN SANTINI | ) | |
| 5810 Ipswich Road | ) | |
| Bethesda, MD 20814 | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | Case No. 2007 CA 002992 M |
| JAMES RYAN | ) | Judge Melvin R. Wright |
| 5918 Chesterbrook Road | ) | |
| McLean, VA 22101 | ) | |
|     Defendant | ) | |
| | ) | |
| | ) | |

**MOTION TO AMEND COMPLAINT AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND**

Pursuant to D.C. Civil Procedure Rule 15(a), plaintiff respectfully seeks permission to

amend the complaint filed April 30, 2007 against James Ryan..

Rule 15(a) allows a party to "amend the party's pleading once as a matter of course at

any time before a responsive pleading is served" or by consent of the Court.

Since no response to plaintiff's complaint has yet been served, plaintiff hereby invokes

Rule 15(a). This amendment is necessary to provide additional details, to clarify the issues and

the injury, and to specify the request for a jury trial.

Plaintiff will serve the amended complaint along with the instant motion on the

defendant.

*Maureen Santini*
Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MAUREEN SANTINI
    Plaintiff             )
                          )
      v.                )       Case No. 2007 CA 002992 M
JAMES RYAN           )       Judge Melvin R. Wright
    Defendant           )
                          )
_____)

ORDER

Upon consideration of plaintiff's motion to amend the complaint and any opposition

thereto, it is hereby

ORDERED that plaintiff's motion is granted.

_____
D.C. Superior Court Judge

2

CERTIFICATE OF SERVICE

I, Maureen Santini, certify that on May _5_ 2007 I sent a copy of the Motion to Amend

Complaint by mail to:

> Charles B. Wayne
> DLA Piper US LLP
> 1200 19th Street NW
> Suite 700
> Washington DC 20036-2430

Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MAUREEN SANTINI
5810 Ipswich Road
Bethesda, MD 20814
     Plaintiff             )
                                 )
     v.                       )       Case No. 2007 CA 002992 M
JAMES RYAN              )       Judge Melvin R. Wright
5918 Chesterbrook Road     )
McLean, VA 22101        )
     Defendant         )
                                 )
                                 )

## FIRST AMENDED COMPLAINT

COMES NOW Maureen Santini, pro se, and respectfully files this complaint.

1. Jurisdiction over the subject matter of this complaint lies in this Court under DC CODE §11-921.

2. Plaintiff is currently a resident of Bethesda, Maryland. She was a resident of Washington, D.C. when she hired James Ryan, an attorney, for legal advice in late April or early May 1997.

3. On information and belief, Ryan is an attorney licensed to practice law in Washington, D.C. From 1997 through 2004 James Ryan was an associate at the law firm of Covington & Burling and his principal place of business was 1201 Pennsylvania Avenue NW, Washington, D.C.

4. Ryan conducted business in Washington, D.C., and entered into contracts in Washington, D.C.

5. Venue for this action rests with the D.C. Superior Court.

COUNT I

6. Plaintiff re-alleges and incorporates paragraphs 1-5 above.

7. In late April or early May 1997 plaintiff hired Ryan for legal advice pertaining to her employment. Thereafter plaintiff consulted Ryan for legal advice from time to time until about February 2001.

8. At the time the parties entered the legal contract, Ryan represented himself to be a competent attorney.

9. The contract imposed on Ryan a duty of care to manage plaintiff's matters and confidences in accord with the law and the standards of his profession.

10. When dealing with Ryan in the context of their attorney-client relationship, plaintiff had an expectation of complete confidentiality. As a result of this expectation, plaintiff spoke openly, neither weighing her words in advance nor anticipating the ramifications of a breach of confidentiality.

11. As a result of their attorney-client relationship, Ryan accumulated and created documents concerning many areas of plaintiff's employment. These documents included his notes of privileged conversations and transcripts of plaintiff's voice mails.

12. During the time she consulted him, plaintiff had no knowledge of the detailed nature of Ryan's files, which included private memos and documents plaintiff had never seen.

13. All of the files Ryan collected while representing plaintiff were, or should have been, confidential because of the attorney-client privilege and the private nature of employment issues.

14. On or about November 2, 2004, Ryan permitted a complete copy of his files pertaining to plaintiff to be produced as part of discovery to parties in Case No. 2003 CA 7616 even though Ryan was not a party to the case.

15. Ryan did not seek plaintiff's permission to produce the files.

2

16. By producing plaintiff's confidential employment files without her knowledge or permission, Ryan invaded plaintiff's privacy, violated attorney-client privilege, and breached his duty of confidentiality.

As a direct result of Ryan's action, complete details of plaintiff's private employment information from 1997 through 2001 were revealed to all parties in Case 2003 CA 7616. These parties now have custody of these documents and, on information and belief, have disseminated them to an unknown number of additional persons.

WHEREFORE plaintiff brings this action and demands judgment of $40,000.

COUNT II

17. Plaintiff re-alleges and incorporates paragraphs 1-16 above.

18. By producing his legal files, Ryan breached his fiduciary duty, was negligent, publicized private information and invaded plaintiff's privacy.

As a direct result of Ryan's action, complete details of plaintiff's private employment information from 1997 through 2001 were revealed to all parties in Case 2003 CA 7616. These parties, who now have custody of plaintiff's detailed employment files, on information and belief have disseminated this information to an unknown number of additional persons. Dissemination of plaintiff's private employment information, including information heretofore unknown to her, has caused emotional distress and embarrassment.

WHEREFORE plaintiff brings this action and demands judgment of $40,000.

COUNT III

19. Plaintiff re-alleges and incorporates paragraphs 1-18 above.

20. On September 12, 2000 plaintiff divulged to Ryan alone information about a conversation she had had with a new doctor pertaining to health matters.

3

21. Plaintiff considered the conversation doubly confidential because it occurred in the context of an attorney-client relationship and it concerned medical matters.

22. In conveying this information, plaintiff had an expectation of complete confidentiality.

23. On May 3, 2004, Ryan disclosed his recollection of the conversation for use by plaintiff's adversaries in a lawsuit. Ryan did this by signing an affidavit recounting his memory of the conversation and allowing it to be attached to the public record in Case No. 2003 CA 7616.

24. A request to file the affidavit under seal was rejected yet the affidavit was not withdrawn but was permitted to remain on the public record.

25. Ryan's affidavit has been filed on the public record repeatedly since that time.

26. At no time did plaintiff give Ryan permission to divulge the confidential conversation.

27. At no time did Ryan seek plaintiff's permission to reveal the confidential conversation.

28. By knowingly publicizing private medical information to plaintiff's adversaries for use against plaintiff in a lawsuit to which Ryan was not a party, Ryan invaded plaintiff's medical privacy, violated attorney-client privilege, and breached his duty of confidentiality and his duty of loyalty.

As a direct result of Ryan's action, plaintiff's medical privacy was, and continues to be violated and plaintiff suffered and continues to suffer severe embarrassment and emotional distress.

WHEREFORE plaintiff brings this action and demands judgment of $40,000.

4

COUNT IV

29. Plaintiff re-alleges and incorporates 1-28 above.

30. In knowingly making public a highly privileged private conversation about medical matters for use against plaintiff in a lawsuit to which he was not a party, Ryan breached his fiduciary duty, was negligent, and both intentionally and negligently inflicted emotional distress.

As a direct result of Ryan's action, plaintiff's medical privacy was, and continues to be violated and plaintiff suffered and continues to suffer severe embarrassment and emotional distress.

WHEREFORE plaintiff brings this action and demands judgment of $40,000.

Jury trial requested.


I affirm that the matters and facts set forth above are true to the best of my knowledge.


Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

5

## SCR CIV FORM 1-A
### Notice and Acknowledgment for Service by Mail
## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

Maureen Santini

*Plaintiff*

V.

Civil Action Number | 2007 CA 002992 M

James Ryan

*Defendant*

## NOTICE

To    Name | Charles B. Wayne

Address | DLA Piper Rudnick, 1200 19th Street NW

Washington DC 20036

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you or the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) | April 30, 2007

*Maureen Santini*
Signature

April 30, 2007
Date of Signature

### Acknowledgment of Receipt of Summons, Complaint and Initial Order

I received a copy of the summons, complaint and initial order in the above captioned matter at

(address) | 1200 19th St. NW, Washington, DC 20036

*Charles B. Wayne*
**Signature**

Counsel
**Relationship to Defedant/Authority**
*To Receive Service*

5/23/07
**Date of Signature**

Form CV(6)-1590/Mar 97

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Maureen Santini | James Ryan |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Montgomery<br>(EXCEPT IN U.S. PLAINTIFF CASES)    88888 | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 88888<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:07-cv-00981
Assigned To : Walton, Reggie B.
Assign. Date : 5/29/2007
Description: PI/Malpractice

**JURY ACT**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U. S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A.** *Antitrust*

☐ 410 Antitrust

☒ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

* (If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

American LegalNet, Inc.<br>www.USCourtForms.com

| ☐ **G. Habeas Corpus/** **2255** | ☐ **H. Employment** **Discrimination** | ☐ **I. FOIA/PRIVACY** **ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** **(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)** *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions (if Privacy Act)** *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ☐ **K. Labor/ERISA** **(non-employment)** | ☐ **L. Other Civil Rights** **(non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

☐ **1 Original Proceeding**  ☒ **2 Removed from State Court**  ☐ **3 Remanded from Appellate Court**  ☐ **4 Reinstated or Reopened**  ☐ **5 Transferred from another district (specify)**  ☐ **Multi district Litigation**  ☐ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 1332(a) -- Legal Malpractice

| **VII. REQUESTED IN** **COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $160,000.00**  Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES  ☐ NO |
|---|---|---|

**VIII. RELATED CASE(S)** **IF ANY**  (See instruction)  ☐ YES  ☐ NO  If yes, please complete related case form.

DATE  5-29-07  SIGNATURE OF ATTORNEY OF RECORD  *Charles B. Wayne*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

American LegalNet, Inc. www.USCourtForms.com