RECEIVED
U.S. DISTRICT COURT

United States District Court For the District of Columbia

2007 JUL -2 PM 8: 29

MAUREEN SANTINI,
    Plaintiff

NANCY M.
MAYER-WHITTINGTON
CLERK

v.

Civil Action No. 070981 RW

)
)
JAMES P.A. RYAN,                    )
    Defendant                        )
                          )

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

This case is not about the plaintiff and attempting to make it so compounds the injury. This case is about whether James P.A. Ryan violated his duty of care and the Rules of Professional Responsibility when he divulged confidences and privileged files for use against plaintiff in a lawsuit to which he was not a party. And it is about whether plaintiff is permitted compensation for injuries resulting from the defendant's actions.

Ryan's motion to dismiss the complaint must fail for several reasons other than his over-reaching attempt to justify his actions. Dismissal is unwarranted because (a) the basic facts in the complaint are not disputed; (b) there was no valid reason to breach attorney-client privilege and divulge client confidences and (c) these actions were harmful, willful, improper, unnecessary and not required to create any defense.

### FACTUAL BACKGROUND

Plaintiff hired James P.A. Ryan, an associate at Williams and Connolly, in late spring 1997 to negotiate an employment contract. After negotiating plaintiff's employment contract, Ryan moved to Covington & Burling. Plaintiff consulted Ryan at

Covington & Burling for the first time in 1998 and thereafter from time to time until early 2001 although the attorney-client relationship was never officially terminated.

In September 2003, plaintiff filed a negligence and breach of contract case against Anthony Herman, a partner at Covington & Burling, and another defendant. Ryan was not named as a defendant. (Ryan Mot. to Dismiss, Exhibit C)

Herman challenged the lawsuit on the basis of improper service of process. A hearing was held and the plaintiff's complaint was dismissed. Plaintiff moved to reinstate. (Exhibit 1, Docket)

### The Issue Was Service of Process

On May 3, 2004, Herman opposed plaintiff's motion to reinstate. Ryan's affidavit and Herman's affidavit were both attached to the opposition paper. (Exhibit 1, Docket)

Thus, disclosure of confidential medical information in Ryan's affidavit was irrelevant, immaterial and unnecessary to the issue of restatement of the complaint even aside from the fact that it was a breach of client confidence and attorney-client privilege.

Herman asked the Court for blanket permission to file under seal any document which seemed to merit sealing as well as his entire May 3, 2004 filing. Although the Court denied permission for blanket sealing and for sealing the entire May 3, 2004 filing, it said it would "consider any appropriately limited motion to seal particular pleadings or other materials where the parties are able to establish that their interest in confidentiality outweighs the public's presumptive right of access to materials that the Court has considered in reaching a ruling in the case." (Exhibit 2, Order of May 21, 2004)

2

Despite the Court's clear invitation, no request was ever made to seal the Ryan affidavit. (Exhibit 1, Docket)  Neither Herman nor Ryan attempted to withdraw their affidavits after they were filed on the public record although Herman conceded at his deposition that many of the statements in his affidavit were false.

Ryan's affidavit has subsequently been re-filed on the public record in the same case repeatedly.

Almost simultaneously, in his zeal to undermine the complaint, Herman's counsel wrote letters to plaintiff's then-lawyer, who had a small private practice, threatening to force him to pay Covington & Burling's legal fees if he did not drop the case.  Plaintiff's lawyer backed out. (Exhibit 3, Exchange of Letters between Herman's lawyer and plaintiff's former law firm)

On September 30, 2004 plaintiff submitted requests for documents to Herman. On November 2, 2004 the produced documents included all the documents, memoranda and transcripts pertaining to plaintiff's employment that Ryan had accumulated from 1997 through 2001.  This fact is not disputed. (Ryan Mot. to Dismiss at 4) Other non-Ryan files were withheld on the basis of attorney-client privilege.

At no time before production did Ryan ask plaintiff if she consented to having her employment files produced to all parties.  At no time did Ryan inform plaintiff in advance that all of her confidential employment files were going to be produced to all parties, giving her an opportunity to contest the matter.

In December 2005, the Court imposed a confidentiality order on all parties in the case, limiting distribution of documents and ordering those who receive copies to sign a pledge of confidentiality.  Ryan was asked to sign the confidentiality pledge and refused.

## MATERIALS THAT MAY BE CONSIDERED

Plaintiff encourages the Court to review the record in the D.C. Superior Court case in which Ryan's affidavit was filed. However, that case consists of thousands of pages, the vast majority of which are irrelevant to the present case. Although plaintiff sees merit in limiting the number of documents presented for the Court's review, she disagrees emphatically with Ryan's strategy of presenting a few carefully selected documents of minimum materiality and maximum inflammatory potential while omitting those that are most relevant and material.

If the entire record cannot be considered, fairness requires that the only documents that should be considered are those relevant and material to the issues in the amended complaint.

Under that standard, the following documents in Ryan's motion to dismiss are irrelevant and immaterial and in some cases unfairly prejudicial and inflammatory: Exhibit B, (Herman affidavit); Exhibit D (Motion to Compel Production of Documents; Exhibit F (Motion for a Protective Order Regarding Discovery); Exhibit G (Denial of Motion for Protective Order); and Exhibit H (Order Granting Motion to Take the Out of State Deposition of Tara-Marie Linne). Plaintiff is filing a separate motion to eliminate such immaterial, irrelevant and prejudicial documents from the record.

With this opposition paper, plaintiff includes exhibits that are relevant and material to the amended complaint and the allegations raised in Ryan's motion to dismiss. They include: the docket in the D.C. Superior Court case, referred to above, the amended complaint that was filed with the motion for leave to amend the complaint (Ryan's Mot. to Dismiss, Exhibit J, contains the motion for leave but not the actual amended

complaint), and deposition excerpts in which Ryan's counsel and counsel for Anthony Herman both described Ryan's affidavit as "legal strategy."

## LEGAL STANDARD

### A. Sufficiency of Complaint Standard / Motion to Dismiss

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's amended complaint is more than sufficient to pass the modified standard articulated in *Bell Atlantic Corp. v Twombly*, 127 S. Ct., 1955, 1966 (2007) or the more familiar standard stating a complaint should not be dismissed for failure to state a claim unless it is clear that plaintiff cannot prove any set of facts to support the claim.

However, plaintiff disagrees with Ryan that the *Twombly* case applies here. The Court's opinion, written by Justice Souter, appeared to limit the application of the modified standard when he wrote: "We granted certiorari to address the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct."

Whether or not the new "heft" pleading standard enunciated in *Twombly* applies to a civil complaint for what amounts to legal malpractice is ultimately irrelevant since plaintiff's amended complaint should survive scrutiny under either standard because the complaint rests on facts, not allegations.

The first fact is that Ryan signed an affidavit, solely for the purpose of its use against plaintiff in a case to which he was not a party, revealing a medical confidence shared under the attorney-client privilege without plaintiff's permission or knowledge. The affidavit was filed with an opposition to a motion to reinstate a complaint that had been dismissed for improper service of process. There was no connection at all between

Ryan's affidavit and the issues before the Court. The affidavit was completely irrelevant and clearly prejudicial. The defendant concedes he signed the affidavit. (Def's Mot. to Dismiss at 4 and Def's Exhibit A).

The second fact is that the files Ryan accumulated pertaining to his representation of plaintiff on employment matters from 1997 through 2001 – all protected by attorney-client privilege – were produced to all parties in a case to which Ryan was not a party (admitted in Def's Mot. to Dismiss at 5) without advance warning to plaintiff and without requesting her permission.

Thus, the defendant has conceded the basics facts in plaintiff's amended complaint. The details pertaining to these issues in Ryan's motion to dismiss demonstrate that he has more than adequate knowledge of the claims against him to prepare a defense.

## B. Attorney-Client Privilege and Rule 1.6

"The attorney-client privilege is one of the oldest recognized privileges for confidential communications, and privileged communications are traditionally deemed worthy of maximum legal protection," *Adams v Franklin*, 2007 D.C. App. LEXIS 245 at 10, citations omitted. "The purpose of the privilege 'is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'"

"Rule 1.6 of the D.C. Rules of Professional Conduct states in relevant part that, '[e]xcept when permitted under paragraph (c) or (d), a lawyer shall not knowingly: (1) Reveal a confidence or secret of the lawyer's client...'" *Id.* at 4.

'"The rule further states that 'confidence' refers to information protected by the attorney-client privilege under applicable law and 'secret' refers to other information gained in the professional relationship that the client has requested be held inviolate, or the disclosure of which would be embarrassing, or would be likely to be detrimental, to the client.'" *Id.* at 4-5.

The *Adams* court further stated at 5 that Rule 1.6 and comments to the rule "make it clear that the lawyer's ethical duty to preserve a client's confidences and secrets is broader than the attorney-client privilege" and "continues after termination of the lawyer's employment."

Rule 1.6(d)(2)(A) does allow a lawyer to reveal client confidences or secrets when permitted by the rules or required by law or court order. Even so, "a lawyer ordered by a court to disclose client confidences or secrets should not comply with the order until the lawyer has personally made every reasonable effort to appeal the order or has notified the client of the order and given the client the opportunity to challenge it," *Adams v. Franklin*, supra, at 9.

Rule 1.6(d)(3) permits disclosure of otherwise protected information "to establish a defense by a . . . disciplinary charge . . . or to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client."

Breaching confidentiality is one thing; doing so to harm a former client is another. This issue was addressed in *McCrimmon v. United States*, 2004 D.C. App. LEXIS 371 at 21.

> "Rule of Professional Conduct 1.6 prohibits an attorney from using either a 'confidence' or a 'secret' against a client. A confidence is defined as

> information protected by the attorney-client privilege whereas a 'secret' is *'other information* gained in the professional relationship that the client has requested be held inviolate, or *the disclosure of which would be embarrassing or would be likely to be detrimental, to the client.'"

Ryan likely was under severe pressure from his Covington & Burling colleagues to sign the affidavit and produce plaintiff's legal files. Nevertheless, he had a duty to refuse despite the fact that he was an associate and Herman was a partner.

> "[C]omment 26 to Rule 1.6 urges a lawyer who is ordered to disclose client confidences to resist and appeal. In the absence of a court order, a lawyer may not disclose one client's secrets in the service of another client without obtaining the former client's consent....Here there is no indication that Grimm sought and received Murphy's consent." *McCrimmon v. United States,* supra, at 23.

## ARGUMENT

In *Adams v. Franklin,* supra, the D.C. Court of Appeals earlier this year reaffirmed the basic principles of Rule 1.6 of the D.C. Rules of Professional Conduct. Lawyers must protect privileged communications and confidential client information unless ordered to divulge it by a court or unless disclosure is warranted by certain other limited circumstances, such as the need to prepare a defense.

None of these exceptions applies here. No court order compelled Ryan to file the affidavit in question on the public record or to distribute plaintiff's confidential employment files. Nor did Ryan give plaintiff an opportunity to challenge his breach of privilege by seeking plaintiff's permission or alerting her in advance.

Because Ryan was not subject to a disciplinary charge or civil complaint when he divulged the information there was no need for him to "establish a defense." Assuming, for the sake of argument, that Ryan had been subject to a disciplinary charge, he still would have been barred by the ethical rules from filing the affidavit because it was

wholly immaterial to the issue at hand and unfairly and unnecessarily prejudicial, clearly aimed at impugning plaintiff's character. Simply put, there are no circumstances under which it would be proper to divulge privileged and confidential medical information for the sole purpose of convincing the Court not to reinstate a complaint that had been dismissed due to improper service of process.

Indeed, Ryan and Herman admitted that Ryan's affidavit was part their litigation strategy. (Exhibit 4, Ryan Deposition) It is clear their strategy is to impugn plaintiff's character and credibility. This is illegal procedure. Using client confidences and secrets to harm a former client is forbidden by Rule 1.6 as stated in *McCrimmon v. United States*, supra.

The same reasoning applies to production of the privileged files Ryan maintained regarding plaintiff's employment, including verbatim transcripts of plaintiff's voicemails and detailed analyses of plaintiff's employment situation and employer.

Ryan would have the Court believe that he produced these privileged files simply because he read plaintiff's request for documents as requesting such documents. (Def's Mot. to Dismiss at 4). Anyone who has been through discovery knows it does not work that way as proven by the fact that other non-Ryan documents were withheld on the basis of attorney-client privilege.

If Ryan thought plaintiff's employment files were responsive to plaintiff's request for documents, he should have sought plaintiff's permission to produce them. He did not. He also should have informed plaintiff of his intent to produce her employment files and given her a chance to contest the matter with the Court. But there was no advance warning at all.

## CONCLUSION

Considering the context and the totality of circumstances, it is difficult to escape the conclusion that Ryan's production of plaintiff's employment files was a breach of attorney-client relationship and his duty to maintain plaintiff's confidentiality and an unwarranted invasion of plaintiff's privacy. Signing the affidavit disclosing privileged medical information divulged during a privileged attorney-client conversation was similarly a breach of applicable law and Rules of Professional Responsibility and a gross invasion of privacy. (Plaintiff will address the affidavit's accuracy at a later time.)

The injury caused by these actions was compounded by these facts: (1) plaintiff's permission was never sought; (2) plaintiff had no advance warning and therefore no opportunity to contest these actions before the breaches occurred; (3) the sole purpose of these actions was to harm plaintiff in a suit against a colleague at Ryan's former law firm; and (4) the affidavit was entirely unnecessary, immaterial and irrelevant to the matter to which it was attached – an opposition to a motion to reinstate the complaint which had been dismissed for improper service of process.

For the reasons set forth in this paper, plaintiff respectfully requests the Court to deny Ryan's motion to dismiss.

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

July 2, 2007

United States District Court For the District of Columbia

MAUREEN SANTINI,                    )
    Plaintiff                        )
    v.                               )
                     )         Civil Action No. 070981 RW
                      )
JAMES P.A. RYAN,                     )
    Defendant                        )
_____)

### Affidavit

I, Maureen Santini, do hereby swear:

1. I am over the age of 18 and competent to make this affidavit.

2. I have personal knowledge of the matters in this affidavit.

3. On or about May 3, 2004, an affidavit signed by James P.A. Ryan and dated April 30, 2004 was attached to a document that was filed in D.C. Superior Court in *Santini v. Herman and Grove.*

4. The affidavit appears to be Ryan's recollection of a conversation on September 12, 2000 during which I shared medical information with Ryan in confidence. As written, the affidavit omits relevant information and is out of context.

5. The first time I saw the affidavit, after it had been filed, I was shocked and appalled at the invasion of my medical privacy because it seemed unnecessary and because I was under the impression that the information was privileged and would not be shared with anyone.

6. The same affidavit has been re-filed on the public record repeatedly. Each time I saw it I was mortified, traumatized, embarrassed and felt sadness and became tearful, not only to see my privacy invaded but also because the information was not in context and therefore misleading.

7. Neither Ryan nor anyone on his behalf sought my permission to disclose this information or told me in advance of its filing. That fact that I was blindsided by these filings added an additional element of embarrassment.

8. In late 2004, all of Ryan's legal files pertaining to his representation of me on employment matters were produced to all parties in *Santini v. Herman and Grove.*

9. Before producing these files, neither Ryan nor anyone on his behalf sought my permission to waive attorney-client privilege or divulge client confidences.

10. Neither Ryan nor anyone on his behalf warned me in advance of the intent to disclose all of Ryan's legal files pertaining to his representation of me on employment matters. Therefore, I had no opportunity to contest the matter with the Court.

11. When I saw Ryan's legal files pertaining to my employment I was stunned, distressed and upset. As I read through the documents – many of which I had never seen before – I became further shaken and stunned at this additional invasion of my privacy.

12. To the best of my knowledge, these files were produced to all parties in *Santini v. Herman and Grove* in keeping with normal discovery practice. It is impossible to know how many times these files have been reproduced by the parties and their associates and further distributed to others.

I affirm under penalty of perjury that the information in this affidavit is true and correct to the best of my knowledge.

Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814

OFFICIAL SEAL
ROSARIO LAZARTE-RODRIGUEZ
NOTARY PUBLIC-MARYLAND
MONTGOMERY COUNTY
My Commission Expires July 10, 2007

7/2/07

7/2/07

2

# EXHIBIT 1
Docket

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

03ca007616  DOCKET        AS OF    7/14/04              EP2003

CAPTION: Santini, M. vs. Herman, A., Esq., et. al         USER:Kenner, India
ASSIGNED JUDGE  Neal E. Kravitz                           DEPT:Civil

FILED/                    PARTIES/                                DOCKETED
EVENT                     ENTRIES

_____(Extended Text)
        ORDERED that the complaint is hereby dismissed without prejudice as to d
eft Herman
_____

03/31/04   (rst) MOTION hearing @ 9:30am                          03/25/04
           FSDATE:
           NSDATE:   040409mh cnt

04/01/04   Continued to 040409mh @ 2:00pm from 040331mh - Per     04/01/04
           transmittal form
           FSDATE:
           LSDATE:   040331mh cnt

04/09/04   (...) MOTION hearing @ 1:30pm                          -SCDC-mh
           FSDATE:
           LSDATE:   040331mh cnt½

04/12/04   MOTION to vacate involuntary dismissal and reinstate   04/12/04
           plaintiff's case and reissue summons
           BY        Santini

04/14/04   (rsj) (ORDER GRANTING) Motion to dismiss, seelg, fld   03/25/04
           4/14/04, mailed 4/15/04
           BY        J/Kravitz

_____(Extended Text)
        ORDERED, that the complaint is dismissed without prejudice as to defendant
 Grove
_____

04/14/04   Supplement to motion to vacate involuntary dismissal & 04/15/04
           reinstate plaintiff's case and reissue summons
           BY        Santini

04/28/04   MOTION to vacate involutary dismissal and reinstate pltfs 04/29/04
           case and.reissue summons
           BY        Santini

05/03/04   (mot) MOTION to vacate involuntary dismissal and reinstate 04/12/04
           plaintiff's case and reissue summons
           BY

05/03/04   AFFIDAVIT of seth tucker                               05/04/04
           BY        tucker

05/03/04   AFFIDAVIT of James Ryan in support of A.Hermans opp    05/04/04
           BY        (clerk)

```
                SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
                   03ca007616  DOCKET         AS OF   7/14/04          EP2003
```

CAPTION: Santini, M. vs. Herman, A., Esq., et. al        USER:Kenner, India
ASSIGNED JUDGE  Neal E. Kravitz                          DEPT:Civil

```
   FILED/                    PARTIES/                                DOCKETED
   EVENT                     ENTRIES
```

05/03/04   AFFIDAVIT of Anthony Herman in support of his opposition   05/05/04
           to pltf Maureen Santini's motion to vacate, See Lg.,
           BY        Herman

_____(Extended Text)
      involuntary dismissal & reinstate pltf's case & reissue summons
_____

05/03/04   Deft's memo. of pts. & auths. in opp. to pltf's motion to  05/05/04
           vacate involuntary dismissal & reinstate pltf's case &
           reissue summons
           BY        Herman

05/04/04   (opp) MOTION to vacate involutary dismissal and reinstate  05/05/04
           pltfs case and.reissue summons
           BY        herman

05/05/04   Motion for an order permitting filing under seal &         05/06/04
           placing Herman's May 3, 2004 filing under seal &, See
           Lg.,
           BY        Herman

_____(Extended Text)
      points & authorities in support thereof
_____

05/07/04   (rst) STATUS conference @10:30am                           03/11/04
           FSDATE:
           LSDATE:    040312st cnx
           NSDATE:    040507st cnx

05/07/04   (...) STATUS conference @10:15am                           -SCDC-st
           FSDATE:
           LSDATE:    040507st cnx½

05/10/04   mem of point & authorities in opp to mot to vacate         05/11/04
           involuntary dismissal & reinstate pltf's case & reissue
           summons
           BY        Grove

05/11/04   addendum to the certification of seth tucker concerning    05/12/04
           efforts to obtain consent to mtn of deft anthony,see lg
           BY        herman

_____(Extended Text)
      herman for an order permitting filing under seal and placing herman's 5-
3-04 filing under seal
_____

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

03ca007616   DOCKET      AS OF   7/14/04          EP2003

CAPTION: Santini, M. vs. Herman, A., Esq., et. al      USER:Kenner, India
ASSIGNED JUDGE  Neal E. Kravitz                        DEPT:Civil

| FILED/<br>EVENT | PARTIES/<br>ENTRIES | DOCKETED |
|---|---|---|
| 05/20/04 | (ORDER GRANTING) Motion to vacate involutary dismissal &<br>reinstate pltfs case & reissue summons, seelg, fld<br>5/20/04, mailed 5/21/04<br>BY       J/Kravitz | 04/29/04 |

_____(Extended Text)
      ORDERED, that the dismissal entered on March 31, 2004 as to defendant Herm
an & on April 14, 2004 as to defendant Herman and on April 14, 2004 as to defend
ant Grove are hereby set aside pursuant to Rule 41(b) of the Superior Court Rules
of Civil Procedure.  It is further
      ORDERED, that defendant Grove, who has been personally served with the sum
mons and complaint, shall have until twenty days from the date on which this orde
r is docketed within which to file an answer or other response to the complaint
.  It is further
      ORDERED, that the plaintiff shall have until June 30, 2004 within which to
file an affidavit establishing that she has effected proper service of process
upon defendant Herman.  It is further
      ORDERED, that the Civil Assignment Office shall set this case for an initia
l scheduling conference on the first available date after September 5, 2004

_____

| | | |
|---|---|---|
| 05/20/04 | (ORDER DENYING) Motion for an order permitting filing<br>under seal & placing Herman's 5/3/04, seelg, fld 5/20/04,<br>mailed 5/21/04<br>BY       J/Kravitz | 05/06/04 |

_____(Extended Text)
      filing under seal & points & authorities in support thereof

_____

| | | |
|---|---|---|
| 05/20/04 | CASE reinstated<br>BY       J/Kravitz | -SCDC-r* |
| 05/27/04 | Continued to 040910ss @ 9:30am from 031212ss (per order<br>dated 5/20/04)<br>BY<br>FSDATE:<br>LSDATE:   031212ss cnx | 05/27/04 |
| 06/08/04 | ANSWER to complaint<br>BY       Grove | 06/08/04 |
| 06/10/04 | (ORDER DENYING) motion striking atty's appearance, seelg,<br>fld 04615, mld 040616<br>BY       J/Kravitz | 06/14/04 |

_____(Extended Text)
      ORDERED that counsel's motion is DENIED w/o prejudice to its being renew
ed consistent with Rules 101(c)(2) and 12-I(a)

EXHIBIT 2
Court Order of May 21, 2004

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| MAUREEN SANTINI,<br>Plaintiff | ) ) ) | |
| | ) | Case No. 03-CA-7616 |
| v. | ) | Calendar 7 |
| | ) | Judge Kravitz |
| ANTHONY HERMAN, et al.,<br>Defendants | ) ) | |

## ORDER DENYING MOTION OF DEFENDANT ANTHONY HERMAN FOR AN ORDER PERMITTING FILING UNDER SEAL AND PLACING HERMAN'S MAY 3, 2004 FILINGS UNDER SEAL

This matter is before the Court on defendant Anthony Herman's consent motion for an order "permitting any party to file under seal any pleading, motion, or other submission in this case that the party or counsel in good faith believes should be placed under seal." The defendant also asks that his entire May 3, 2004 opposition to the plaintiff's motion to reinstate be placed under seal.

The Court is sensitive to the confidentiality concerns raised by the defendant in this legal malpractice case, and it will consider any appropriately limited motion to seal particular pleadings or other materials where the parties are able to establish that their interest in confidentiality outweighs the public's presumptive right of access to materials that the Court has considered in reaching a ruling in the case. *See Mokhiber v. Davis*, 537 A.2d 1100, 1111-13 (D.C. 1988). The Court, however, cannot approve the defendant's proposal that it delegate to the parties its essential role in properly limiting the scope of materials to be sealed.

Accordingly, it is this **20** day of May 2004

**ORDERED** that the defendant's motion is **DENIED** without prejudice.

*Neal E. Kravitz*

Neal E. Kravitz, Associate Judge
(Signed in Chambers)

DOCKETED MAY 21 2004

MAILED MAY 21 2004

# EXHIBIT 3
Letters

# COVINGTON & BURLING


RECEIVE
6/9/4

1201 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20004-2401
TEL 202.662.6000
FAX 202.662.6291
WWW.COV.COM

WASHINGTON, DC
NEW YORK
LONDON
BRUSSELS
SAN FRANCISCO

SETH A. TUCKER
TEL 202.662.5101
FAX 202.778.5101
STUCKER @ COV.COM

June 8, 2004

## VIA FAX AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Peter R. Maignan, Esq.
Maignan & Associates, LLC
8181 Professional Place
Suite 205
Landover, Maryland 20785

Re: <u>Santini</u> v. <u>Herman et al.</u>

Dear Mr. Maignan:

The purpose of this letter is to request that you and your client reconsider the wisdom of continuing to pursue your client's complaint against Mr. Herman. For reasons set forth at some length in the papers that we filed in opposition to Ms. Santini's motion to vacate the second dismissal of her complaint, we believe that it should be apparent to any objective, reasonable observer that Ms. Santini's complaints against Mr. Herman are baseless. If you and your client continue to pursue those claims, we will defend them vigorously. Once we have succeeded in defeating them on the merits, we also intend to seek Rule 11 sanctions from both you and Ms. Santini.

This case is precisely the type of lawsuit that Rule 11 was designed to avoid. "The central purpose of Rule 11 is to deter baseless filing." <u>Williams</u> v. <u>Bd. of Trustees of Mount Jezreel Baptist Church</u>, 589 A.2d 901, 911 (D.C. 1991) (citation omitted). That this case is baseless should be obvious from the facts – including contemporaneous documents – that were presented in our opposition to Ms. Santini's motion to vacate the second dismissal. If you were unfamiliar with the salient facts of the case before you filed the Complaint initially, you are indisputably aware of them now, having read our papers. If you and your client persist in pursuing this case, we believe we will have ample ground for sanctions. In this regard, we note that counsel's liability may attach not only due to failure to conduct a reasonable pre-filing inquiry, but also for continuing to press a claim which a reasonable attorney at the time of the subsequent filings should have recognized was without factual and legal foundation. <u>Cunningham</u> v. <u>Bathon</u>, 719 A.2d 497, 500-01 (D.C. 1998); <u>see also</u> <u>Allen</u> v. <u>Utley</u>, 129 F.R.D. 1, 4-5 (D.D.C. 1990). Moreover, subjective good faith on your part will not be a defense if we demonstrate to the satisfaction of the court that if you had made a

COVINGTON & BURLING

Peter R. Maignan, Esq.
June 8, 2004
Page 2

reasonable inquiry your continued pursuit of the case would have been objectively unreasonable. Cunningham, 719 A.2d at 501.

Once the trial court determines that Rule 11 has been violated, sanctions of some sort will be mandatory. Id. at 502. As for the type of sanction, the Court of Appeals has recognized that "'one of the best ways to accomplish deterrence [of frivolous suits] . . . is to make a party who files a lawsuit without reasonable pre-filing investigation of facts or law pay the actual cost of the defense.'" Peddlers Square, Inc. v. Scheuermann, 766 A.2d 551, 559 (D.C. 2001) (quoting trial court decision). With this in mind, we would expect to seek the full costs of our defense. As we have noted, and as the Court has recognized, those costs may well be substantial, notwithstanding the frivolousness of the claims that lie at the heart of this case. The court will have to determine whether sanctions should be imposed on you, your client, or both.

Under the circumstances, we believe that the most prudent course of action for both you and your client is a voluntary dismissal of her complaint against Mr. Herman, with prejudice. Please call me if you would like to discuss a resolution of this matter on that basis.

Sincerely,

Seth A. Tucker

cc:    Mr. Herman
       Mr. Holder
       Mr. Skinner

# COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW     WASHINGTON, DC                    SETH A. TUCKER
WASHINGTON, DC 20004-2401       NEW YORK                         TEL 202.662.5101
TEL 202.662.6000                LONDON                           FAX 202.778.5101
FAX 202.662.6291                BRUSSELS                         STUCKER@COV.COM
WWW.COV.COM                     SAN FRANCISCO

June 9, 2004

**VIA FAX**

C.T. Wilson, Esq.
Maignan & Associates, LLC
8181 Professional Place
Suite 205
Landover, Maryland  20785

Re:  <u>Santini</u> v. <u>Herman et al.</u>

Dear Mr. Wilson:

This will follow up on our discussion of this morning in which you called me to say that your firm is withdrawing from the above-captioned case but that you have been instructed by Ms. Santini before you withdraw to serve the Complaint on Mr. Herman (who, I confirmed, has not been properly served). I told you that in our view, even if your firm withdraws, if you serve the Complaint on Mr. Herman we would view that (as well as any ancillary filing, such as filing of a proof of service) as a violation of Rule 11, and it would be our intent to pursue sanctions (notably the cost of defending Mr. Herman) once we have prevailed on the merits, as we advised in my letter of yesterday to Mr. Maignan.

You said that as the drafter of the Complaint, your view was that there was a basis for the allegations contained therein. I said that whether or not that was true at the time it was drafted, it is certainly not true in light of facts that have emerged since. I specifically referenced the brief we filed in opposition to Ms. Santini's motion to vacate the second dismissal as well as the affidavits filed in support of that opposition and the contemporaneous documents included as exhibits. I gave as an example the allegation that Mr. Herman unilaterally rejected a settlement offer, and I said that the documents from the time establish that in fact that did not happen – and therefore it would be a Rule 11 violation to continue to press such an erroneous allegation. You said that you had not read our opposition brief and that Ms. Santini has taken your firm's files on the case, so I offered to fax you a copy. That copy is attached. I have included all of the papers that constituted our opposition, including exhibits and including the supplemental paper filed the day after we filed our main opposition brief.

COVINGTON & BURLING
C.T. Wilson, Esq.
June 9, 2004
Page 2

I strongly urge you and your firm to review these papers and to consider them before you act. Although your client may be insisting that you serve the Complaint on Mr. Herman, you are not only permitted but obligated to exercise professional judgment in deciding whether you may carry out your client's demands. It will not be a defense to a Rule 11 motion that you were acting on your client's orders. Frankly, Ms. Santini herself would be best served if she were dissuaded from pursuing Mr. Herman and thereby subjecting herself to the sanction of paying our defense costs. But whether or not she decides to continue this frivolous suit, if your firm assists her and in so doing violates Rule 11 (in our view, again), we will insist upon being made whole after the case concludes.

If you would like to discuss this matter further, please give me a call. Best regards.

Sincerely,

Seth A. Tucker

Attachments

cc:    Mr. Herman (w/o att.)
       Mr. Holder (w/o att.)
       Mr. Skinner (w/o att.)

# MAIGNAN & ASSOCIATES, LLC

*Attorneys at Law*

Peter R. Maignan, Esq. (MD, DC)

C.T. Wilson, Esq. (MD)

June 14, 2004

Maureen Santini
4811 Bayard Boulevard.
Bethesda, MD 20816

Re: Santini v. Herman et al. Case No. 03A007616

Dear Ms. Santini:

We write to inform you of the status concerning the above referenced matter. Enclosed is a copy of the most recent letter received from Seth Tucker. In this letter, Mr. Tucker request that the complaint against Mr. Herman be dismiss, lest Rule 11 sanctions be filed. As you can see, this letter threatens to make the filing party responsible for all attorneys' fees expended in defending this case. It must be noted, however, that if you choose to continue in your case against Mr. Herman and these sanctions are filed, you will bear the entire burden of any sanctions awarded, since we have formally withdrawn from your case.

We have additionally contacted Mr. Kevin Lucase, our process server, in regards to serving your Complaint on Mr. Herman.[1] We have provided him with your contact information. He can be reached at 301-577-6880 and is awaiting your call. We have additionally provided a copy of the complaint and summons that must be served. If you intend to proceed with your case against Mr. Herman you must effect service by June 30, 2004.

---

[1] Mr. Herman's counsel was contacted on June 9, 2004 to effectuate service of your complaint. However, he refused to accept service for his client.

8181 PROFESSIONAL PLACE, SUITE 205 • LANDOVER, MD • 20785
PHONE: 301.429.1274 • FAX: 301.429.1279
WWW.MAIGNANASSOCIATESLLC.COM
E-MAIL: PMAIGNAN@MAIGNAN-LAW.COM

– 2 –

June 15, 2004

Also, please find enclosed a copy of Mr. Grove's answer to your complaint and a Court Notice for Settlement/Scheduling conference for the above captioned matter. As you can see, this conference has been set for September 10, 2004 at 9:30am in front of Judge Kravitz.

If you have any questions or concerns regarding this matter, please feel free to contact our office.

Sincerely,

C. T. Wilson, Esq.

Encls.



RECEIVED
6/30/4

## COVINGTON & BURLING

1201 PENNSYLVANIA AVENUE NW    WASHINGTON, DC
WASHINGTON, DC 20004-2401    NEW YORK
TEL 202.662.6000    LONDON
FAX 202.662.6291    BRUSSELS
WWW.COV.COM    SAN FRANCISCO

SETH A. TUCKER
TEL 202.662.5101
FAX 202.778.5101
STUCKER@COV.COM

June 29, 2004

**BY FEDERAL EXPRESS**

Ms. Maureen Santini
4811 Bayard Blvd.
Bethesda, MD  20816

Re:    Santini v. Herman et al.

Dear Ms. Santini:

We have just accepted service of your complaint in this case on behalf of Mr. Herman.

We are enclosing copies of letters that we sent to your counsel, Maignan & Associates, LLC, on June 8 and June 9, advising them of our intention to hold them and you personally responsible for our defense costs (including attorneys' fees) in the event that they or you elected to go forward with your lawsuit against Mr. Herman. Having confirmed that Maignan & Associates have no objection to our contacting you directly, we are sending copies to you, along with a copy of D.C. Superior Court Rule 11, so that you will understand the financial risk that you will be taking if you proceed. Because we understand that Maignan & Associates are withdrawing as your counsel, if you proceed we will look to you alone, or to you and your new counsel, if you retain new counsel, to make us whole for our defense costs once we prevail on the merits. We request that you give a copy of this letter, and its enclosures, to any new law firm that you retain to represent you in connection with your complaint against Mr. Herman.

We request that you voluntarily dismiss your complaint against Mr. Herman with prejudice (that is, with finality and no option of reviving it). If you do that promptly, we will waive our claim for the defense costs that we have incurred to date.

In the meantime, we are enclosing Mr. Herman's first set of interrogatories and first set of document requests. We will expect you to respond to these discovery requests on or before

Ms. Maureen Santini
June 29, 2004
Page 2


August 2, 2004 unless you have dismissed your complaint against Mr. Herman, with prejudice, prior to that time.


Very truly yours,

Seth A. Tucker

Enclosures (5)

cc.     (with interrogatories and document requests, via FedEx)
        Peter R. Maignan, Esq.
        Maignan & Associates, LLC

# EXHIBIT 5
# Proposed Amended Complaint

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MAUREEN SANTINI, )
    Plaintiff )
 )
 )
    v. )
 )
 )
ANTHONY HERMAN, )
1201 Pennsylvania Avenue NW )
Washington, D.C. 20004 )
 )
 )
JAMES P.A. RYAN )
1201 Pennsylvania Avenue NW )    Case No. 03-CA-7616
Washington, D.C. 20004 )    Calendar 7
 )    Judge Kravitz
DANIEL GROVE )
2401 Pennsylvania Avenue NW )
Washington, D.C. 20037 )
 )
 )
PAMELA RONS )
1400 L Street NW )
Washington, D.C. 20005 )
_____ )

## AMENDED AND SUPPLEMENTED COMPLAINT

COMES NOW Maureen Santini (Plaintiff) pro se, and respectfully files her amended and supplemented complaint based on negligence and breach of contract against defendants Anthony Herman, James P.A. Ryan, Daniel Grove, and Pamela Rons, and states as follows:

COMMON ALLEGATIONS

1. Jurisdiction over the subject matter of this complaint lies in the Court under DC CODE §11-921.

2. Plaintiff, a resident of Bethesda, Maryland, hired defendants Herman and Ryan to represent her in *Civil Case 00-CA-000649*. She hired defendant Grove to represent her in *Civil Case No. 00-CA-000649* and *Criminal Case No. F-7642-00*. Grove, on his own initiative,

delegated part of his legal representation to defendant Pamela Rons. Both cases derived from the same incident.

3. Defendants Herman and Ryan are attorneys licensed to practice law in Washington D.C. Their principal place of employment is 1201 Pennsylvania Avenue, NW, Washington, D.C.

4. Defendants Grove and Rons are attorneys licensed to practice law in Washington D.C. During the time period of this complaint, their principal place of employment was 1400 L Street, NW, Washington, D.C.

5. The defendants conduct substantial business in the District of Columbia, where they have entered into numerous contracts.

6. Venue for this action lies in the Superior Court for the District of Columbia as the forum in which the defendants engage in business.

## COUNT 1 – NEGLIGENCE
### (Herman, Ryan)

7. Plaintiff re-alleges and incorporates paragraphs 1 through 6 above.

8. On or around September 12, 2000, plaintiff was named defendant in the matter of <u>Robert Wrzosek vs. Maureen Santini,</u> *Civil Case No. 00-CA-006649.*

9. On September 12, 2000, Herman was a partner at the law firm of Covington & Burling; Ryan was an associate with the firm.

10. On September 12, 2000, plaintiff contracted Herman and Ryan to provide legal representation in the civil proceeding mentioned above. Plaintiff was billed for the time both Herman and Ryan spent on the case.

11. At the time the parties entered the legal contract, Herman and Ryan represented themselves to be competent and experienced attorneys.

2

12. By entering into the contract, Herman and Ryan became obligated by an express and implied duty to manage plaintiff's case with the degree of care and skill attributable to experienced attorneys.

13. Herman and Ryan breached their duty of care in the following manner:

    a.    Failing to notify plaintiff that a hearing on the temporary restraining order could have been postponed in order to prepare a defense and inform the client of her options;

    b.    Failing to notify the Court of improperly filed documents submitted by Robert Wrzosek;

    c.    Filing to utilize knowledge of the facts of the case to develop a competent legal strategy and defense;

    d.    Failing to properly prepare plaintiff to take the stand and for her experience during the hearing;

    e.    Failing to notify plaintiff of Wrzosek's settlement offer on the civil dispute;

    f.    Failing to challenge the TRO request for lack of any showing of irreparable harm;

    g.    Failing to challenge the TRO allegations based on constitutionally protected free speech.

    h.    Failing to challenge the TRO based on Rule 11 frivolous filing intended to embarrass and cause emotional distress;

    i.    Failing to offer any defense whatsoever on behalf of plaintiff;

    j.    Failing to raise the issue of deprivation of due process due to lack of notice;

    k.    Failing to counsel plaintiff regarding her legal options to protect her reputation;

    l.    Failing to advise plaintiff to appeal the judgment order;

3

14. As a result of the breach of duty of care by Herman and Ryan, plaintiff was not properly prepared for the civil litigation and was unable to maintain a proper defense.

15. As a result of negligence by Herman and Ryan, plaintiff has been enjoined from actions and has had her freedom unduly restricted.

16. As a result of negligence by Herman and Ryan, plaintiff has suffered irreparable damage to her reputation in the community.

17. As a consequence of negligence by Herman and Ryan, plaintiff has suffered severe mental and emotional anguish.

WHEREFORE, plaintiff Maureen Santini brings this action and demands judgment against defendants Herman and Ryan in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00) and costs.

## COUNT II BREACH OF CONTRACT
(Herman, Ryan)

18. Plaintiff re-alleges and incorporates paragraphs 1 through 17 above.

19. On or around September 12, 2000, plaintiff was named defendant in the matter of Robert Wrzosek vs. Maureen Santini *Civil Case No. 00-CA-006649,* wherein Wrzosek sought a Temporary Restraining Order against Santini.

20. At the close of the hearing, the Court ordered a preliminary injunction against plaintiff.

21. Under the terms of the legal contract, Herman and Ryan agreed to represent plaintiff with the care and expertise attributable to attorneys of skill and experience, including but not limited to:

    a. Zealously representing the plaintiff in the above mentioned proceeding;

    b. Establishing competence and knowledge of the facts surrounding the above mentioned proceedings; and

4

   c. Keeping plaintiff informed of any settlement offers by opposing counsel.

  22. Defendants Herman and Ryan failed to move for a continuance to provide time to properly prepare plaintiff for examination before the initiation of proceedings and to prepare a defense.

  23. Defendants Herman and Ryan failed to extract important and crucial facts from plaintiff during the parties' initial hearing.

  24. Defendants Herman and Ryan failed in their duty to relay to plaintiff a September 13, 2000 settlement offer from opposing counsel and instead unilaterally denied said offer.

  25. On October 30, 2000, defendants Herman and Ryan invoiced plaintiff for $8,294 for their representation. Plaintiff wrote a letter disputing the bill but received no response. (Exhibit A)

  26. Defendants Herman and Ryan refused plaintiff's request to absolve her of the debt. Plaintiff does believe she is still liable for the debt.

  27. As a consequence of Herman's and Ryan's breach of contract, plaintiff was not prepared for trial and was deprived of her chance for an early and inexpensive settlement of the civil claim stemming from the above mentioned case.

  28. As a result of Herman's and Ryan's actions and inactions, a preliminary injunction order was issued against plaintiff.

  29. Defendants Herman and Ryan failed to advise plaintiff of the deadline to appeal, failed to counsel plaintiff to appeal, and failed to file an appeal.

  30. As a consequence of the breach of contract by Herman and Ryan, plaintiff's right to appeal the injunction order against her was lost, along with her right to exonerate herself of the charges.

5

31.  As a consequence of the breach of contract by Herman and Ryan, plaintiff was forced to endure the unnecessary embarrassment of litigation as well as legal costs and damage to her reputation in the community.

WHEREFORE, plaintiff Maureen Santini brings this action and demands judgment against defendants Herman and Ryan in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00) and costs.

### COUNT III NEGLIGENCE
(Herman, Ryan)

32.  Plaintiff re-alleges and incorporates paragraphs 1 through 31 above.

33.  In the spring of 1997, plaintiff contracted defendant James P.A. Ryan to negotiate plaintiff's employment contract with Shandwick Public Affairs in Washington, D.C.  At the time Ryan was with a different lawfirm.

34.  The employment contract that Ryan negotiated and drafted was signed on May 27, 1997. (Exhibit B)

35.  At some point after May 27, 1997, Ryan joined the lawfirm of Covington & Burling.

36.  On March 3, 1998, when plaintiff had further need of Ryan's services, plaintiff entered into a contract with Ryan and his supervisor, defendant Herman. (Exhibit C)

37.  Provision 5(a) (iv) of plaintiff's employment contract specified that plaintiff could be terminated for "conviction of Executive of a felony or a crime involving moral turpitude."

38.  Given his intimate knowledge of the terms of plaintiff's employment, defendant Ryan knew or should have known that plaintiff's job and reputation would be endangered by accusations of stalking and threatening to do bodily harm, and by the issuing of an injunction based on such allegations.  As Ryan's supervisor, defendant Herman knew or should have known the same and should have provided proper supervision to protect plaintiff's interest.

6

39. After being served notice of the civil suit and the TRO hearing, plaintiff contacted Ryan for advice about finding experienced legal representation. Ryan recommended Herman. Subsequently, Herman and Ryan both attended the TRO hearing on plaintiff's behalf.

40. During the hearing, Herman and Ryan failed to seek a continuance, failed to present evidence on plaintiff's behalf, failed to object to repeated badgering of her on the witness stand, and failed to present a defense. After the hearing, Herman and Ryan failed to counsel plaintiff to appeal, failed to inform plaintiff of deadline to appeal, and failed to file an appeal.

41. On or about September 21, 2000, plaintiff fired defendants Herman and Ryan. (Exhibit D)

42. As a result of the negligence by Herman and Ryan, plaintiff was denied the ability to clear her name and reputation of false charges.

43. As a consequence of Herman's and Ryan's negligence, plaintiff was given 30-day notice of termination of employment on November 30, 2000.

44. As a consequence of Herman's and Ryan's negligence, plaintiff has suffered severe mental and emotional anguish and has had difficulty finding work to this day.

WHEREFORE, plaintiff Maureen Santini brings this action and demands judgment against defendants Herman and Ryan in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00) and costs.

### COUNT IV BREACH OF CONTRACT
### (Grove)

45. Plaintiff re-alleges and incorporates paragraphs 1 through 44 above.

46. On or about September 21, 2000, plaintiff contracted defendant Grove to provide legal representation in the above mentioned civil and subsequent criminal proceedings. (Exhibit E)

7

47. By entering the legal contract, Grove became obligated by an express and implied duty to manage the plaintiff's case with the degree of care and skill attributable to an attorney of his experience and training.

48. While represented by Grove, plaintiff continuously asserted her legal innocence and questioned the lack of evidence against her. On numerous occasions plaintiff attempted to communicate to Grove that the charges were false.

49. Despite plaintiff's protestations of innocence and the lack of evidence against her, Grove negotiated a settlement agreement with Wrzosek that, contrary to plaintiff's best interests, severely limited plaintiff's liberty, placed her in continuous danger of repeat accusations from the complainant, had no termination date, and required a large payment.

50. As a result of Grove's breach of contract, plaintiff's liberty has been restricted and plaintiff has experienced ongoing fear of being accused of violating the perpetual agreement by inadvertently encountering Wrzosek.

51. As a result of Grove's breach of contract, plaintiff has suffered severe ongoing mental and emotional distress.

WHEREFORE, plaintiff Maureen Santini brings this action and demands judgment against defendant Grove in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and costs.

## COUNT V BREACH OF CONTRACT
### (Grove and Rons)

52. Plaintiff re-alleges and incorporates paragraphs 1 through 51 above.

53. On or about December 15, 2000 plaintiff was a named defendant in the matter of United States v. Santini, *Criminal Case No. F-7642-00.*

8

54. On or about September 21, 2000, plaintiff contracted defendant Grove to represent her in the above mentioned <u>Wrzosek v. Santini</u> and subsequent <u>United States v. Santini</u> matters for a consideration of at least sixteen thousand dollars ($16,000) in fees. On his own initiative and over plaintiff's objection that she could not afford two attorneys, Grove insisted on delegating parts of plaintiff's representation to Rons. Plaintiff was billed for work performed by both Grove and Rons. Plaintiff paid most of the invoices but sent letters to Grove and Rons outlining areas of concern about some of the charges. She never received a reply. Plaintiff does believe she is still liable for approximately $12,500 to the firm.

55. At the time the parties entered the legal contract, defendant Grove represented himself to be a competent and experienced attorney. At the time Grove delegated plaintiff's legal activities to Rons, he and she both represented her to be a competent and experienced attorney.

56. By entering the legal contract, Grove became obligated by an express and implied duty to manage the plaintiff's case with the degree of care and skill attributable to an attorney of his experience and training. At the time Grove delegated portions of plaintiff's legal activities to Rons, she became obligated by an express and implied duty to manage the plaintiff's case with the degree of care and skill attributable to an attorney of her experience and training.

57. While represented by Grove and Rons, plaintiff continuously asserted her legal innocence and questioned the lack of evidence against her. On numerous occasions plaintiff attempted to communicate to Grove and Rons that the criminal charges were false.

58. Grove and Rons dissuaded plaintiff from fighting the deficient charges by repeatedly warning about the potentially enormous cost of going to discovery and trial. Both knew that plaintiff was newly unemployed and uncertain of her future employability.

9

59. At no time did Grove or Rons analyze with plaintiff the government's evidence for the elements of the crimes alleged. Such analysis would have revealed a lack of evidence on the fundamental element of intention to harm another.

60. Although the felony charges were dropped soon after plaintiff's arrest, replaced with one misdemeanor, indicating a weak case on the government's part, Grove and Rons continuously urged plaintiff to enter a pretrial diversion program rather than challenge the charge.

61. Although Grove and Rons repeatedly urged plaintiff to enter a pretrial diversion program, they failed to inform her that a requirement of the program is signing a statement of guilt.

62. As a result of the breach of contract by Grove and Rons, plaintiff was deprived of an appropriate legal defense based on asserting her innocence by fighting the charge.

63. As a consequence of the breach of contract by Grove and Rons, plaintiff was deprived of her opportunity to clear her name of all charges.

64. Although plaintiff was never convicted of any crime, the premise of the diversion program is to offer a "break" to first time "offenders." Plaintiff's association with the program carried an implication of guilt. Additionally, plaintiff was forced under duress to sign a statement of guilt before entering the diversion program even though she informed Grove and the program manager that she was innocent.

WHEREFORE, plaintiff Maureen Santini brings this action and demands judgment against defendants Grove and Rons in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00) and costs.

## COUNT VI BREACH OF CONTRACT
(Grove and Rons)

65. Plaintiff re-alleges and incorporates paragraphs 1 through 64 above.

10

66. On or about December 15, 2000 plaintiff was a named defendant in the matter of United States v. Santini, *Criminal Case No. F-7642-00*.

67. Plaintiff contracted defendant Grove to provide legal representation in the above mentioned criminal proceeding. On his own initiative, Grove delegated parts of plaintiff's cases to defendant Rons. Plaintiff was billed for work performed by both Grove and Rons.

68. At the time the parties entered the legal contract, defendant Grove represented himself to be a competent and experienced attorney. At the time Grove delegated plaintiff's legal representation to Rons, he and she both represented her to be a competent and experienced attorney.

69. By entering the legal contract, Grove became obligated by an express and implied duty to manage the plaintiff's case with the degree of care and skill attributable to an attorney of his experience and training. At the time Grove delegated portions of plaintiff's legal representation to Rons, she became obligated by an express and implied duty to manage the plaintiff's case with the degree of care and skill attributable to an attorney of her experience and training.

70. Under the terms of the legal contract, Grove and, by extension, Rons, agreed to represent plaintiff with the care and expertise attributable to attorneys of their skill and experience, including but not limited to:

    a. Zealously representing plaintiff's interests;

    b. Advising plaintiff of her rights and obligations throughout the above mentioned proceedings and

    c. Complying with all filing deadlines and limitations periods.

11

71. Grove and Rons refused to file a motion to seal plaintiff's arrest record despite numerous requests from plaintiff on the grounds that an arrest record would adversely affect her employability and would amount to a permanent stain on her reputation.

72. Grove and Rons failed to advise plaintiff of the 120-day limitations period for filing such a motion.

73. Grove and Rons failed to file the above-mentioned motion.

74. As a consequence of the breach of contract by Grove and Rons, plaintiff has suffered the permanent loss of her right to clear her record and reputation.

75. At the close of the proceedings, plaintiff was not convicted of any crime.

76. Defendant Grove, and, by extension, Rons, breached their duty of care in the following manner:

   a. Misled plaintiff into believing that the chance of expunging her arrest record was slight when there was every reason to expect that a timely petition to the Court would result in expungement;

   b. Failed to advise the plaintiff of the 120-day limitations period within which a motion to seal arrest records must be filed;

   c. Failed to keep plaintiff fully informed of her rights;

   d. Refused to advocate on the plaintiff's behalf.

77. Due to the failure of Grove and Rons to advise plaintiff about the limitations period and to file the motion to expunge as requested, plaintiff was forced to mount a time-consuming, expensive and unsuccessful two-year effort to expunge her arrest record.

12

78. Plaintiff's first attempt was denied based on untimely filing. Plaintiff appealed the denial to the D.C. Court of Appeals. On March 17, 2004, the Court of Appeals cited the lateness of the filing in refusing her request.[1] [2](Exhibit F)

79. As a result of defendant Grove's and Rons' breach of duty of care, plaintiff has a permanent arrest record, available in public databases, stating that she was charged with two felony counts of threats despite the fact that one charge was quickly dismissed and the other quickly reduced to a misdemeanor and, later, dismissed.

80. As a result of Grove's and Rons' breach of duty of care, plaintiff was forced to file her own motion for expungement and, without legal training, made critical errors, especially in timing, that resulted in denial.

81. As a result of negligence by Grove and Rons, plaintiff has had great difficulty obtaining employment.

82. As a result of the negligence of Grove and Rons, plaintiff has suffered irreparable damage to her reputation in the community.

83. As a consequence of the negligence of Grove and Rons, plaintiff has suffered ongoing severe mental and emotional anguish.

84. As a consequence of the breach of contract by Grove and Rons, plaintiff has suffered the permanent loss of her right to clear her name.

---

[1] The Court of Appeals noted, "Assuming Ms. Santini was mislead or misinformed by counsel, we take no position as to whether she would have a cause of action against her counsel."

[2] The fact that the Court of Appeals' "factual summary" is based almost entirely on the government's erroneous and distorted version of events reveals the complete lack of advocacy for the plaintiff's position by defendants Herman, Ryan, Grove and Rons.

13

WHEREFORE, plaintiff Maureen Santini brings this action and demands judgment against defendants Grove and Rons in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00) and costs.

I solemnly declare and affirm under the penalties of perjury that the matters and facts set forth herein are true to the best of my knowledge, information and belief.

Respectfully submitted,

*Maureen Santini*

Maureen Santini, pro se
4811 Bayard Boulevard
Bethesda, MD 20816
301.320.1672

October 5, 2004                    *Plaintiff*

14

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of plaintiff's opposition to defendants' motion to

dismiss on July 3, 2007 to:

Charles B. Wayne
DLA Piper Rudnick
1200 19th Street
Washington DC 20036


Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

United States District Court For the District of Columbia

MAUREEN SANTINI,                    )
     Plaintiff                     )
                          )
                          )
     v.                             )           Civil Action No. 070981 RW
                          )
JAMES P.A. RYAN                     )
     Defendant                     )
                          )
_____)

Order

Upon consideration of defendant's motion to dismiss, plaintiff's opposition, and

the entire record, it is this _____ day of July 2007:

     ORDERED that defendant's motion is denied.


                                    _____
                                    Reggie Walton
                                    U.S. District Court Judge

Copies to:

Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814

Charles B. Wayne
DLA Piper Rudnick
1200 19th Street
Washington DC 20036