UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN SANTINI,                )
                                )
         Plaintiff,             )
                                )
    v.                          )    Civil Action No. 07-981 (RBW)
                                )
JAMES RYAN,                     )
                                )
         Defendant.             )

## NOTICE OF DECISION IN RELATED CASE

The Court will please note that the Superior Court of the District of Columbia has, in a related case, dismissed plaintiff Maureen Santini's complaint with prejudice. The decision is attached as Exhibit A.

          / s /
Charles B. Wayne (# 935858)
DLA PIPER US LLP
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4000
(202) 799-5253 (fax)

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of January, 2008, a copy of the foregoing Notice of Decision in Related Case was served by first-class mail on Maureen Santini, 5810 Ipswich Road, Bethesda, MD 20814.

                                                        / s /
                                        Charles B. Wayne

 

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MAUREEN SANTINI, | : |
| Plaintiff, | : |
| | : Case No.: 2003 CA 007616 B |
| v. | : |
| | : Judge Broderick |
| ANTHONY HERMAN | : |
| AND | : |
| DANIEL GROVE | : |
| Defendants. | : |

**ORDER GRANTING DEFENDANTS'
JOINT MOTION TO DISMISS AND DENYING
DEFENDANTS' MOTION FOR MONETARY SANCTIONS**

Upon consideration of Defendants' Joint Motion (1) to Dismiss with Prejudice The Complaint Because of Plaintiff's Willful Violation of an Order Requiring Her To Appear For Deposition and (2) for Monetary Sanctions, Defendants' Motion is granted in part and denied in part. The factual and legal basis for this conclusion is set forth below.

**I.   Background**

The facts that give rise to the instant Motion involve a lengthy and complex history between the parties. Plaintiff, claiming Defendants had committed professional malpractice, filed the original Complaint in this case in September 2003. Since that time, Plaintiff has violated numerous court orders and caused delays[1], including failing to turn over documents, and most recently, refusing to attend and complete deposition. Both

---

[1] Order Denying Motion for Protective Order (dated October 25, 2004); Order Denying Reconsideration (dated December 7, 2004); Order Obligating Plaintiff to Comply With her Commitments to Defendant Herman (dated January 3, 2005); Order Granting Defendant Herman's Motion to Enforce Compliance with Prior Discovery Orders (dated March 15, 2005); Order directing Plaintiff to produce her log/journal within seven days of notice of the Court's ruling (dated September 25, 2005).

MAILED From Chambers JAN 1 0 2007

JAN 1 0 2007 DOCKETED IN CHAMBERS



EXHIBIT
A



Defendants and the Court have made efforts to accommodate Plaintiff, including scheduling and rescheduling depositions to satisfy Plaintiff's schedule.[2] In August 2006, the Court Ordered Plaintiff to complete her deposition and further ordered her to pay sanctions for failing to comply with previous court orders.[3] Plaintiff again ignored the Court's Order. Plaintiff sought to avoid participating in and completing her deposition by moving for a stay of the Court's Order, which was denied by this Court on August 29, 2006,[4] and further denied by the Court of Appeals on September 13, 2006.[5]

As early as March 2005, in an Order to enforce compliance with discovery orders, the Court admonished Plaintiff that "[s]he is entitled to pursue her claims, but only if she adheres to the orders and rules of the Court. That she has not done, and the Court's patience is not without limits."[6] To date, Plaintiff has not completed her deposition.

**II.   Legal Standard**

A trial court has a duty to take effective measures to address failures of either party to properly comply with discovery issues. Jung v. Jung, 791 A.2d 46, 49 (D.C. 2002). Superior Court Civil Procedure Rule 37 permits a court to impose sanctions on a party for failing to cooperate in discovery or failing to obey court orders. Pursuant to Rule 37(b)(2)(C), if a party fails to obey an order entered under Rule 26(f) (regarding discovery), the court may dismiss the action. Sup. Ct. R. 37(b)(2)(C) (2007).

---

[2] A phone conference was held on August 29, 2006, in which the Court excused Plaintiff's participation in the scheduled deposition and allowed her to reschedule due to the fact that the date had not been cleared with her in advance. Defense counsel acquiesced and rescheduled the deposition according to Plaintiff's representation of her availability.
[3] Order Granting Defedant Herman's July 13, 2006 Motion to Compel Plaintiff To Complete Her Deposition and For Sanctions for Her Failure to Appear (dated August 4, 2006).
[4] Order Denying Stay (dated August 29, 2006).
[5] District of Columbia Court of Appeals Order (filed September 13, 2006) (denying motion for stay of deposition and fees pursuant to the appeal being taken from a non-final order and further dismissing appeal *sua sponte* as being filed from a non-appealable order).

Furthermore, pursuant to Civil Rule 41, a defendant may move for dismissal of an action or a court may, *sua sponte*, enter an order dismissing the action, for a plaintiff's failure to prosecute or comply with court orders. Sup. Ct. R. 41(b) (2007).

Dismissal of an action for failure to comply with discovery orders is only appropriate, however, under "severe circumstances." Chapman v. Norwind, 653 A.2d 383, 386 (D.C. 1995). Factors considered in determining severe circumstances include "(1) whether the opposing party has suffered any prejudice due to the failure to respond to discovery requests and (2) whether the failure was willful." Id. The trial court must also consider less severe sanctions before dismissing a case. Id. Additionally, because dismissal is the gravest of sanctions, the trial court must inquire into the nature of the noncompliance, evaluate the prejudice to the moving party, and recognize the societal preference for a decision on the merits. See Shimer v. Edwards, 482 A.2d 399 (D.C. 1984).

### III. Analysis

In the case at hand, litigation has been ongoing since 2003 with countless issues and delays. The details that give rise to this Motion follow previous defense motions and court orders imposing sanctions on Plaintiff and involve, most notably, a Court Order issued on August 4, 2006, requiring Plaintiff to complete her deposition.[7] Plaintiff did not ever comply with the August 4 Order, and to date has not completed her deposition, despite attempts by Defendants and the Court to accommodate her schedule. Furthermore, Plaintiff indicated that she was willfully disregarding the Court Order, hoping to be held in contempt of court for non-compliance, apparently attempting to gain

---

[6] Order Granting Defendant Anthony Herman's Motion to Enforce Compliance With Prior Discovery Orders (dated March 15, 2005).

3

what she perceived to be a tactical advantage.[8] Defendants have thus far been unable to gather the information necessary to defend against Plaintiff's claims.

Plaintiff's willful disregard of court orders and general disrespect for the Court and her opponents have created the severe circumstances necessary to warrant dismissal of this action. Plaintiff has engaged in deliberate delays, holding the case up for years and preventing resolution of any issues. Defendants in this case have suffered great prejudice, expending valuable time and money. Defendants set forth, in the instant Motion, that Plaintiff had paid $4,500.00 for violations of court orders in 2005, however the true cost was much more than that amount.[9] Further sanctions were subsequently imposed which led to the August 4, 2006, Court Order to complete deposition and pay sanctions. Due to Plaintiff's purposeful defiance of court orders and procedures, Defendants have had to file numerous remedial motions, the costs of which could have been avoided if Plaintiff had participated fully in the litigation.[10]

The Court has considered other sanctions, in the past and in deliberation of this Motion, however, Plaintiff has made it clear that monetary sanctions are ineffective in persuading her to comply. The Court has imposed monetary sanctions on Plaintiff at least twice previously, some of which remain unpaid.[11] Although the Court recognizes that a decision on the merits is preferable, the nature of Plaintiff's non-compliance with court

---

[7] See above.
[8] Plaintiff declared in an email, submitted as an exhibit attached to the Affidavit of Seth A. Tucker in Support of Defendant's Joint Motion to Dismiss, "In accordance with Cobbledick and other case law requiring a contempt order before appealing an interlocutory discovery order, I will not appear for deposition tomorrow." (Signed Maureen Santini, dated Wednesday, September 13, 2006).
[9] See Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion (1) to Dismiss With Prejudice the Complaint Because of Plaintiff's Willful Violation of An Order Requiring Her to Appear for Deposition And (2) For Monetary Sanctions at 2, FN 1.
[10] According to Defendants, as laid out in the Joint Motion to Dismiss, Plaintiff's defiance of court orders has cost them at least $6,900, the amount they are seeking in monetary sanctions.

4

orders throughout the litigation of this case leads this Court to believe that dismissal is the only appropriate action at this time.

## IV. Conclusion

For the reasons set forth herein, pursuant to the District of Columbia Superior Court Rule 37(b)(2)(C), this case is dismissed with prejudice based on Plaintiff's failure to obey court orders to provide or permit discovery and participate fully in her deposition. In the alternative, pursuant to Superior Court Rule 41(b), this case is dismissed with prejudice based on Plaintiff's failure to comply with the rules and orders of this Court. At this time the Court does not deem imposition of monetary sanctions on Plaintiff to likely be effective or successful, thus Defendants' Motion for Monetary Sanctions is denied.

As such, it is this 7th day of January 2008, hereby,

**ORDERED** that Defendants' Joint Motion to Dismiss with Prejudice is GRANTED with regard to dismissal of the action, and DENIED as to monetary sanctions, and it is further

**ORDERED** that Plaintiff's Complaint is hereby **DISMISSED**, it is further

**ORDERED** that all outstanding motions are **DENIED AS MOOT**.

IT IS SO ORDERED.

Patricia A. Broderick
Judge
Signed in Chambers

---

[11] See e.g. Order Granting Defendant Herman's July 13, 2006 Motion To Compel Plaintiff to Complete Her Deposition and For Sanctions For Her Failure To Appear (dated August 4, 2006).

**Copies mailed from chambers to:**

Ms. Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814

Eric H. Holder, Jr., Esquire
William. P Skinner, Esquire
Seth A. Tucker, Esquire
Michael C. Boteler, Esquire
Covington & Burling
1201 Pennsylvania Ave., N.W.
Washington, DC 20004

David Webster, Esquire
Caplin & Drysdale
One Thomas Circle, N.W.
Washington, DC 20005