**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
MAUREEN SANTINI,                        )
                                        )
                 Plaintiff,             )
                                        )
        v.                              )        Civil Action No. 07-981 (RBW)
                                        )
JAMES RYAN,                             )
                                        )
                 Defendant.             )
                                        )
_____)

**ORDER**

Maureen Santini, the plaintiff in this civil suit, filed suit against James Ryan, her former

attorney, in the Superior Court for the District of Columbia (the "Superior Court") alleging

breach of fiduciary duty, legal malpractice, and intentional and negligent infliction of emotional

distress.  First Amended Complaint (the "Am. Compl.") ¶¶ 16, 18, 28, 30.[1]  On May 29, 2007,

the defendant filed a notice of removal from the Superior Court to this Court pursuant to 28

U.S.C. § 1446, asserting that this Court has subject-matter jurisdiction "by reason of diversity of

citizenship of the parties" under 28 U.S.C. § 1332.  Notice of Removal ¶ 7.  The defendant

subsequently filed a motion to dismiss the plaintiff's amended complaint in its entirety for failure

to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant's Motion to

Dismiss at 1.  That motion is currently pending before the Court.

---

[1]  The plaintiff's amended complaint is attached as an unmarked attachment to the defendant's notice of
removal as required by 28 U.S.C. § 1446(a).

1

Before the Court can resolve the defendant's motion, it must satisfy its "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Abu Ali v. Gonzalez, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) (internal quotation marks and citation omitted). Section 1332 of the United States Code provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). This case does not appear to satisfy the amount-in-controversy requirement of § 1332, as the plaintiff seeks only $40,000 in damages (albeit repeatedly). Am. Compl. at 3-5. While one could conceivably construe the plaintiff's demands for "a judgment of $40,000," id., at the close of each of the four counts in her amended complaint as separate requests for damages totaling $160,000, this construction of the amended complaint seems unlikely given that all of the plaintiff's counts arise from the same purported harm (the alleged disclosure of confidential information by the defendant in violation of the attorney-client privilege) and that two of the four counts (Counts II and IV) present only alternative bases for recovery under the same facts alleged in the preceding counts (Counts I and III, respectively), see id. ¶¶ 17-18 (alleging that, by engaging in the conduct described in Count I of the amended complaint, the defendant also "breached his fiduciary duty, was negligent, publicized private information and invaded [the] plaintiff's privacy"); ¶¶ 29-30 (alleging that, by engaging in the conduct described in Count III of the amended complaint, the defendant also "breached his fiduciary duty, was negligent, and both intentionally and negligently inflicted emotional distress").

The Court is therefore inclined to remand this case to the Superior Court due to its apparent lack of subject-matter jurisdiction. See 28 U.S.C. § 1447(c) ("If at any time before final

judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded."). Out of an abundance of caution, however, the Court will provide the plaintiff an opportunity to clarify whether she seeks $40,000 or $160,000 in total damages. If, as the Court anticipates, the plaintiff indicates in her response that she seeks $40,000 in total damages (or fails to respond at all), the Court will direct the defendant to show cause why the Court should not deny his motion to dismiss for lack of ripeness and remand this case to the Superior Court. If the plaintiff indicates that she seeks $160,000 in damages, the Court will direct her to explain the basis for such an amount or otherwise show cause why the Court should not remand the case to the Superior Court pursuant to § 1447(c).

It is therefore

**ORDERED** that on or before February 8, 2008, the plaintiff shall certify in writing whether she seeks $40,000 in total damages or $160,000 in total damages based upon the allegations set forth in her First Amended Complaint. It is further

**ORDERED** that the Court's consideration of the Defendant's Motion to Dismiss is **STAYED** pending further determination from the Court as to whether it has subject-matter jurisdiction in this case.

**SO ORDERED** this 16th day of January, 2008.


REGGIE B. WALTON
United States District Judge

3