

United States District Court For the District of Columbia

MAUREEN SANTINI,
    Plaintiff
v().   Civil Action No. 07981 RBW

JAMES P.A. RYAN,
    Defendant

## NOTICE OF MOTION PERTAINING TO DECISION IN RELATED CASE

The Court will please note that plaintiff moved to correct errors in response to a decision in a related D.C. Superior Court case. The motion is attached as Exhibit A.

*/s/ Maureen Santini*

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of plaintiff's notice of a motion to correct errors in a related case by first class mail on January 22, 2008 to:

Charles B. Wayne
DLA Piper Rudnick
1200 19th Street
Washington DC 20036

*Maureen Santini*
Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MAUREEN SANTINI,<br>　　Plaintiff<br><br>v.<br><br>ANTHONY HERMAN, et al.,<br>　　Defendants | )<br>)<br>)<br>)<br>)　Case No. 03-CA-7616<br>)　Calendar 10<br>)　Judge Patricia A. Broderick<br>)<br>)<br>) |

## MOTION TO CORRECT THE COURT RECORD

Plaintiff respectfully files this motion to correct errors in the Court record, specifically in the Court's Order Granting Defendants' Joint Motion to Dismiss and Denying Defendants' Motion for Monetary Sanctions of January 10, 2008.

Wherefore, for the reasons set forth in the memorandum of points and authorities and for the sake of accuracy in judicial records, plaintiff does respectfully request correction of errors as detailed below.

Respectfully submitted,

*Maureen Santini*

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

January 22, 2008

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MAUREEN SANTINI,            )
    Plaintiff               )
                            )
v.                          )
                            )   Case No. 03-CA-7616
                            )   Calendar 10
ANTHONY HERMAN, et al.,     )   Judge Patricia A. Broderick
    Defendants              )
                            )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO CORRECT THE COURT RECORD**

Plaintiff respectfully requests correction of errors in the January 10, 2008 Order Granting Defendants' Joint Motion to Dismiss and Denying Defendants' Motion for Monetary Sanctions.

The following are excerpts from the Court's order and plaintiff's response with references to the record:

*Statement 1*

"The Court has imposed monetary sanctions on plaintiff at least twice preivously, some of which remain unpaid" at 4.

*Response 1*

This Court imposed sanctions twice on plaintiff; both have been paid.

In an order docketed June 9, 2006, this Court ordered plaintiff to pay $500 to Charles Molster of Winston & Strawn. It was paid on July 11, 2006. Exhibit 1.

In an order of August 4, 2006, this Court ordered plaintiff to pay Covington & Burling $1,450. Plaintiff paid October 7, 2006. Exhibit 2.

2

The statement is false. Because defendant Herman has made similar false statements, plaintiff set forth the facts about this issue thoroughly in Plaintiff's Opposition to Defendants' Motion to Dismiss, filed September 29, 2006, hereby incorporated by reference.

*Statement 4*

"Plaintiff did not ever comply with the August 4 [2006] Court Order and to date has not completed her deposition despite attempts by defendants and the Court to accommodate her schedule" at 3.

*Reseponse 4*

Response 2 above shows that plaintiff chose to follow case law specifying that a contempt citation was required to be able to appeal the order. Plaintiff disagrees with the premise that following long established case law, such as *Cobbledick v. United States*, equates with noncompliance.

Herman's demand for further deposition testimony and plaintiff's opposition on the grounds that Herman's counsel violated the rules governing deposition conduct has been before this Court for the last 16 months. Plaintiff disagrees with the premise that she should have agreed to a third day of deposition testimony before the Court ruled on this contested issue.

During the dozen or so depositions conducted in this case, parties have mainly accommodated each other's schedules. For instance, plaintiff canceled three depositions when she learned Grove's counsel was going to be out of town and was later barred by the Court from rescheduling them. Plaintiff's schedule did not prevent further deposition

4

testimony. The pending motions on the topic prevented further deposition testimony awaiting a ruling.

*Statement 5*

"Defendants have thus far been unable to gather the information necessary to defend against plaintiff's claims," at 4.

*Response 5*

By any standard, plaintiff has exceeded her discovery duties. Defendants have had every opportunity to gather all necessary information to defend this case. For instance:

- Herman deposed plaintiff for two full days; defendant Grove for about a half day. Together they have 2.5 days of deposition testimony plus testimony and documents from the underlying case.
- The parties also deposed a dozen or so others including plaintiff's ex-husband and health providers.
- Plaintiff produced thousands of pages of documents pertaining to health information, financial information including tax returns, employment information, Social Security earnings statements, and journal entries.

*Statement 6*

"Plaintiff's willful disregard of court orders and general disrespect for the Court. . ." at 4.

*Response 6*

Plaintiff has the utmost respect for the judicial system and for the Court and has attempted to comply with all D.C. Superior Court rules and deadlines. Given her status

5

as a pro se litigant, her lack of resources, and the complexity of the case, and the fact that she has been out-manned by big-name law firms, plaintiff believes she has done as well as possible under the circumstances while being at a constant disadvantage.

She never willfully disregarded a court order. If the statement is meant to refer to plaintiff's refusal to attend a third day of deposition, the statement rests on a faulty premise. In seeking a contempt citation to get standing to appeal the order, plaintiff was following long established legal precedent regarding appealing collateral orders.

Plaintiff contested the order on its merits because Herman's counsel violated Rule 30(d)(4) of the Rules of Civil Procedure in his conduct of the deposition. Contesting the order was within her legal rights. Plaintiff provided a videotape of the deposition to prove her allegation. All of this information is in Plaintiff's Opposition to Defendants" Motion to Dismiss, filed September 29, 2006, hereby incorporated by reference.

The order of January 10, 2008 did not mention plaintiff's challenge to Herman's counsel's conduct and allegation that he violated the rules. Nor did it say whether the Court reveiwed the deposition videtotape or considered the merits of plaintiff's argument.

Additionally, because this Court specifically ordered Herman's counsel to wrap up the deposition on the second day, plaintiff believed she was well within her rights to refuse to subject herself to another day of deposition testimony at Herman's counsel's hand.

Thus, plaintiff had a good faith belief that her position was well grounded in fact and legal precedent. All of this was set forth in her opposition paper.

*Statement 7*

"Plaintiff has engaged in deliberate delays, holding the case up for years and preventing resolution of any issues," at 4.

*Response 7*

The statement is patently false without a shred of support. The record shows the following:

- The lawyer who filed the case on plaintiff's behalf in September 2003 did wait until early 2004 to serve papers on the defendants.
- Once litigation began, all parties kept up a steady stream of motions and oppositions beginning with defendants' challenges to service of process, which went on for several months.
- The parties made several *joint* motions to extend discovery.
- After Judge Kravitz recused himself, the case was assigned to a succession of judges who recused themselves. It was erroneously unassigned for about six months until plaintiff made an inquiry. During the hiatus, several motions were filed, imposing an immediate burden on the new judge.
- Parties have been awaiting decisions on summary judgment, the motion to dismiss, and several other motions for 16 months.

*Statement 8*

"Defendants in this case have suffered great prejudice, expending valuable time and money," at 4.

*Response 8*

There are two sides to this controversy. Plaintiff has suffered severe prejudice as a result of the defendants' representation of her in the underlying case and continues to

7

suffer prejudice due to the false statements and distortions that permeate the court records. Plaintiff also suffered at the hands of Herman's counsel during the second day of deposition testimony. All parties, including plaintiff, have spent valuable time and money on this vigorously contested case. Additionally, defendants are not paying their own defense costs.

Rule of Civil Procedure 37 requires a finding of severe circumstances or genuine prejudice to warrant a sanction of dismissal. There has been no factual showing of any prejudice to defendants, both of whom were able to depose plaintiff and one of whom was told flatly by this Court to complete his deposition questioning on the second day. The penalty of dismissal is too strict given the totality of circumstances, particularly since plaintiff's allegation of bad-faith conduct by the defendant on the second day of deposition questioning has never been ruled upon.

*Statement 9*

"Defendants set forth, in the instant motion, that plaintiff had paid $4,500 for violations of court orders in 2005, however the true cost was much more than that amount," at 4.

*Response 9*

In 2005 Judge Kravitz ordered plaintiff to pay costs to Herman but did not specify an amount. Herman's counsel began demanding money from plaintiff. Plaintiff felt forced into paying $4,500 which she could ill afford. She should have asked the Court to set a specific amount. By that time, the judge had recused himself.

8

At a hearing on Novemnber 30, 2005, Herman's counsel asked this court to order plaintiff to pay additional monies toward the same matter. This court refused. (Hearing, November 30, 2005 at 58, lines 14-17.)

*Statement 10*

"Due to plaintiff's purposeful defiance of court orders and procecures, defendants have had to file numerous remedial motions, the costs of which could have been avoided if plaintiff had participated fully in the litigation," at 4.

*Response 10*

Plaintiff takes strong exception to being accused of purposeful defiance of court orders. The statement is patently false.

The record shows plaintiff has participated fully in this litigation and has had to file several remedial motions of her own. For instance, defendant Herman issued subpoenas to health providers without prior Court knowledge – let alone approval as is explicitly required by the rules. Plaintiff was forced to file motions to quash. This is but one exemple. The record shows others. Plaintiff previously brought to the Court's attention several other acts of egregious misrepresentation that occurred.

In terms of fully participating in the litigation, plaintiff has replied to every motion that required a response, she attended every hearing at which she represented herself, she has, with rare exceptions, filed her documents on time and, when that was impossible, requested an extension. She paid sanctions, she attended all of the dozen or so depositions, she has answered defendants' requests for production of documents and interrogatories, she has issued interrogatories and requests for production of documents of her own, and, when she felt it absolutely necessary, she has appealed orders that

seemed contrary to case law. She did everything she knew to do under trying circumstance of being up against so-called experts.

Plaintiff's Opposition to Defendants' Motion to Dismiss, filed September 29, 2005, contains a complete response to the false issue of "purposeful defiance of court orders." It is hereby incorporated by reference.

\*   \*   \*

By dismissing the case, the Court chose not to rule on motions and cross-motions for summary judgment, as well as other pending motions, nor to provide plaintiff the fruits of discovery responses that, at the Court's directive, were sent directly to the Court for review. Despite the dismissal of the case, plaintiff respectfully requests the Court to provide plaintiff with documents resulting from the Metropolitan Police Department and from the Court-approved subpoenas that the plaintiff sent. The Court may recall that, at the Court's directive, the subpoena recipients were ordered to send responsive documents directly to the Court.

Plaintiff intends to appeal this matter and is still in litigation on related topics. In addition, since defendants were under no discovery restrictions, plaintiff requests that in the interests of fairness she receive the documents resulting from her discovery subpoenas and from the Metropolitan Police Department.

In summary, plaintiff takes issue with the underlying premise of the order that by exercising her legal rights plaintiff was disrespectful. She respectfully asks the Court to correct the errors in the court record in accordance with the information in this motion.

      I verify under penalty of perjury that the information in this motion and memorandum of points and authorities is true and accurate to the best of my knowledge.

January 22, 2008

                                                Maureen Santini, pro se
                                                5810 Ipswich Road
                                                Bethesda, MD 20814
                                                301.530.0101

# Exhibits

A photocopy of a check from Maureen Santini, Bethesda, MD, check #3251, dated 7/11/06, pay to the order of USTreas, for Five hundred + 00/100 dollars ($500.00), for "266995-253", signed Maureen Santini. Bank stamp: REF#0752164210 PAID 7/20  500.00

**MAUREEN SANTINI**
4811 BAYARD BLVD.
BETHESDA, MD 20816

15-122-540

3280

Oct 1 20 06

Pay to Covington + Burling    $1450.00

Fourteen Hundred Fifty + 00/100    DOLLARS

**WACHOVIA BANK, N.A.**
ACH R/T 054001220

Maureen Santini

⑆054001220⑆ 1030000323756⑈ 3280  ⑈00001450000⑈

PAY TO THE ORDER OF
CITIBANK, N.A.
WASHINGTON, DC 20004-2518
▲ 254070116 ▼
FOR DEPOSIT ONLY
COVINGTON & BURLING LLP
37001876

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MAUREEN SANTINI,<br>    Plaintiff<br><br>    v.<br><br>ANTHONY HERMAN, et al.,<br>    Defendants | Case No. 03-CA-7616<br>Calendar 10<br>Judge Patricia A. Broderick |

## ORDER

Upon consideration of plaintiff's motion to correct the record and any opposition thereto, it is this \_\_\_\_ day of February, 2008, by the Superior Court of the District of Columbia

ORDERED that plaintiff's motion is granted.

ORDERED that the Court's Order Granting Defendants' Joint Motion to Dismiss and Denying Defendants' Motion for Monetary Sanctions of January 10, 2008, will be withdrawn and a revised version will be submitted.

ORDERED that the Court will provide plaintiff with all documents that were sent directly to the Court, at the Court's request, in response to plaintiff's discovery subpoenas and from the Metropolitan Police Department by March 15, 2008.

 

_____
Judge Patricia A. Broderick
Superior Court for the District of Columbia

Copies to:

Seth A. Tucker, Esq.
Covington & Burling
1201 Pennsylvania Avenue NW
Washington DC 20004

David N. Webster, Esq.
Caplin & Drysdale
One Thomas Circle NW
Washington DC 20005

Maureen Santini
5810 Ipswich Road
Bethesda, MD 20814

Charles Molster
Winston and Strawn
1700 K Street NW
Washington, DC 20006

## CERTIFICATE OF SERVICE

I hereby certify that I sent a copy of plaintiff's motion to correct the record, on January 22, 2008 to the following:

Seth A. Tucker
Covington & Burling
1201 Pennsylvania Avenue NW
Washington DC 20004

David N. Webster
Caplin & Drysdale
One Thomas Circle NW
Washington DC 20005

Charles Molster
Winston and Strawn
1700 K Street NW
Washington, DC 20006

*Maureen Santini*
Maureen Santini, pro se