United States District Court For the District of Columbia

MAUREEN SANTINI, )
    Plaintiff )
v. )     Civil Action No. 07981 RBW
)
JAMES P.A. RYAN, )
    Defendant )
_____)

**PLAINTIFF'S RESPONSE TO COURT'S ORDER
AND MOTION TO AMEND COMPLAINT**

The Court order of January 16, 2008 told plaintiff to certify the total amount of damages sought in her complaint. Plaintiff does hereby certify that her first amended complaint sought $160,000, which represented $40,000 per count. The complaint does, therefore, satisfy the amount-in-controversy requirement of U.S.C. § 1332(a)(1).

<u>Amended Complaint</u>

However, in accordance with the Court order, plaintiff hereby moves to amend the complaint. The 2nd amended complaint, attached, still satisfies the amount-in-controversy requirement but deletes two counts alleged in the 1st amended complaint.

<u>Basis for Damages</u>

The Court also inquired about the basis for damages. The basis is as follows:

Actual damages, as plaintiff understands it, consist of out-of-pocket costs. These include (a) an estimated $15,000 plaintiff paid to Ryan for prior legal consultation, (b) about $400 so far to litigate the current case, (c) deposition, copying and motion-filing costs of an estimated $900 in a previous but related case. This excludes the considerable time plaintiff has spent on this matter.

**RECEIVED**

FEB - 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Punitive damages are warranted when a defendant commits a tortuous act accompanied by fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury. *Dalo v. Kivitz*, 596 A.2d 35, 41 & n. 15 (D.C. 1991).

Ryan's intentional disclosure of protected information surely fits the parameters of "fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury."

Ryan was confronted with a conflict of interest between upholding his duty of loyalty and fiduciary obligation to plaintiff and helping his law firm win a lawsuit by violating attorney-client privilege and his ethical duty to safeguard plaintiff's confidences.

The only inference to draw from his actions is negative. Ryan not only violated attorney-client privilege and plaintiff's medical privacy. He did so on the public record in one case and by allowing his legal files about plaintiff to be copied and distributed to unknown numbers of others without so much as noting their confidential nature. Thus, these breaches are self-perpetuating and have no end-date.

The affidavit, which comprises one of the violations, was introduced as an exhibit to a civil case in D.C. Superior Court on multiple occasions. After being filed in 2004, the affidavit – and its subsequent duplicates – were on the public record for several years. Although some of these documents were sealed retroactively in 2007, it is impossible to know without going page by page through the voluminous case files whether all copies have been sealed. On information and belief, they have not.

Court files are increasingly available on the Internet. Once posted on the Internet, documents are impossible to retrieve. Thus, plaintiff's privacy is being violated every day, continuously. Plaintiff fears that future violations will be available to anyone with a Web browser.

There is little doubt that Ryan's affidavit prejudiced plaintiff's case and that it was intended to do so. This is the only logical inference from the fact that Ryan's affidavit was attached to a brief regarding sufficiency of service of process. There was no relationship between the contents of the affidavit and service of process sufficiency. The law infers that the offending person intends the consequences of his or her action.

"The relation of attorney and client is one of the highest trust and confidence, and demands the utmost good faith on the part of the attorney. This relation is not only highly confidential but presents so many opportunities for the reaping of special benefits at the expense of the clients by an attorney so disposed, that courts closely scrutinize any transaction in which the attorney assumes a position antagonistic to his client." *Maxwell v. Gallagher, et. al.*, 709 A.2d 100; 1998 D.C. App. LEXIS 63 at 103.

Ryan's actions appear to violate several provisions of the D.C. Code of Professional Responsibility.

Under D.C. law, "although there must be a basis for compensatory damages before punitive damages will be considered, a plaintiff need not prove anything more than nominal actual damages to justify the imposition of punitive damages," *Maxwell v. Gallagher*, supra, at 104.

Some courts have suggested attorneys must forfeit all fees earned in their tainted representations if they prove breach of duty of loyalty. *Hendry v. Pelland*, 315 U.S. App. D.C. 297; 73 F. 3d 397.

Recently, the Supreme Court of New York allowed a patient to recover punitive damages for breach of privacy. "There was no justification whatsoever offered for the remarkably casual way in which the center handled the plaintiff's sensitive medical information and the need to deter other medical providers from engaging in similar conduct could hardly be clearer," the Court wrote in *Randi A.J. (anonymous) v. Long Island Surgi-Center*, Sept. 25, 2007.

Conclusion

This ongoing egregious violation caused and is causing continual acute embarrassment, indignity, humiliation and ongoing fear about unknown future distribution and effects of those distributions.

As a result of the totality of circumstances, plaintiff believes a severe sanction in the form of punitive damages is not only warranted but necessary. Plaintiff also urges Ryan to withdraw his actions, to account for the dissemination that has already occurred, and to take pro-active steps to stop future dissemination.

Wherefore, for the reasons set forth above, plaintiff respectfully requests the Court's permission to amend her complaint. The 2nd amended complaint is attached.

Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

## CERTIFICATE OF SERVICE

I certify that I mailed a copy of plaintiff's response to the Court's order by first class mail on February 4, 2008 to:

Charles B. Wayne
DLA Piper Rudnick
1200 19th Street
Washington DC 20036

*Maureen Santini*
Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

United States District Court For the District of Columbia

| | |
|---|---|
| MAUREEN SANTINI, )<br>    Plaintiff )<br>    v. )<br>)<br>JAMES P.A. RYAN, )<br>    Defendant )<br>_____ ) | Civil Action No. 07981 RBW |

## SECOND AMENDED COMPLAINT

COMES NOW Maureen Santini, pro se, and respectfully files this complaint.

1. Jurisdiction over the subject matter of this complaint lies in this Court under DC CODE §11-921.

2. Plaintiff is currently a resident of Bethesda, Maryland. She was a resident of Washington, D.C. when she hired James Ryan, an attorney, for legal advice in late April or early May 1997.

3. On information and belief, Ryan is an attorney licensed to practice law in Washington, D.C. and a resident of Virginia. From 1997 through 2004 James Ryan was an associate at the law firm of Covington & Burling and his principal place of business was 1201 Pennsylvania Avenue NW, Washington, D.C.

4. Ryan conducted business in Washington, D.C., and entered into contracts in Washington, D.C.

5. Venue for this action rests with the U.S. District Court for the District of Columbia on diversity grounds.

COUNT I

6. Plaintiff re-alleges and incorporates paragraphs 1-5 above.

7. In late April or early May 1997 plaintiff hired Ryan for legal advice pertaining to her employment. Thereafter plaintiff consulted Ryan for legal advice from time to time until about February 2001. During that time plaintiff paid Ryan an estimated $15,000.

8. At the time the parties entered the legal contract, Ryan represented himself to be a competent attorney.

9. The contract imposed on Ryan a duty of care, duty of loyalty, and a fiduciary responsibility to manage plaintiff's matters and confidences in accord with the law and the standards of his profession.

10. When dealing with Ryan in the context of their attorney-client relationship, plaintiff had an expectation of complete confidentiality. As a result of this expectation, plaintiff spoke openly, neither weighing her words in advance nor anticipating the ramifications of a breach of confidentiality.

11. As a result of their attorney-client relationship, Ryan accumulated and created documents concerning many areas of plaintiff's employment. These documents included his notes of privileged conversations and transcripts of plaintiff's voice mails.

12. During the time she consulted him, plaintiff was unaware of the detailed nature of Ryan's files, which not only included documents from plaintiff but also private memos and analyses plaintiff had never seen.

13. All of the files Ryan collected while representing plaintiff were, or should have been, confidential because of the attorney-client privilege and the private nature of employment issues.

14. On or about November 2, 2004, Ryan permitted a complete copy of his files pertaining to plaintiff to be produced as part of discovery to parties in D.C. Superior Court Case No. 2003 CA 7616 even though Ryan was not a party to the case.

15. Ryan did not seek plaintiff's permission to produce the files.

16. By producing plaintiff's confidential files without her knowledge or permission, Ryan violated attorney-client privilege, violated plaintiff's privacy, breached his duty of confidentiality and duty of loyalty, and negligently caused plaintiff's private information to be disseminated to unknown numbers of others.

17. As a direct result of Ryan's action, details of plaintiff's private employment information from 1997 through 2001 were revealed to all parties in the above case. These parties now have custody of these documents and, on information and belief, have disseminated them to an unknown number of additional persons.

18. As a result of this action, plaintiff suffered and continues to suffer acute embarrassment, indignity, humiliation and fear of ongoing and continual dissemination of private documents.

WHEREFORE plaintiff brings this action and demands judgment of $40,000.

COUNT II

19. Plaintiff re-alleges and incorporates paragraphs 1-18 above.

20. On September 12, 2000 plaintiff divulged to Ryan alone information about a conversation she had had with a doctor-consultant pertaining to health matters.

21. Plaintiff considered the conversation doubly confidential because it occurred in the context of an attorney-client relationship and it concerned medical matters.

22. In conveying this information, plaintiff had an expectation of complete confidentiality.

23. On May 3, 2004, Ryan disclosed his recollection of the conversation for use by plaintiff's adversaries in a lawsuit. Ryan did this by signing an affidavit recounting his memory of the conversation and allowing it to be attached to the public record in case mentioned above.

24. When a request to file the affidavit under seal was rejected, the affidavit nevertheless was permitted to remain on the public record.

25. Ryan's affidavit has been filed on the public record repeatedly since that time.

26. At no time did plaintiff give Ryan permission to divulge the confidential conversation.

27. At no time did Ryan seek plaintiff's permission to reveal the confidential conversation.

28. At no time was Ryan compelled by a Court or other legal entity to divulge this information.

29. By knowingly divulging a private conversation about medical matters to plaintiff's adversaries for use against plaintiff in a lawsuit to which Ryan was not a party, Ryan invaded plaintiff's medical privacy, violated attorney-client privilege, breached his duty of confidentiality, his duty of loyalty, and his fiduciary duty and was negligent.

30. By his actions, Ryan allowed plaintiff's adversaries to make derivative use of a privileged and confidential conversation despite its irrelevance and immateriality to the matter to which Ryan's affidavit was attached.

31. As a direct result of Ryan's action, plaintiff's medical privacy was, and continues to be violated and plaintiff suffered and continues to suffer acute embarrassment, indignity, humiliation and ongoing fear of increased dissemination of private information.

WHEREFORE plaintiff brings this action and demands judgment of $40,000.

The total amount of this complaint is $80,000.

I affirm that the matters and facts set forth above are true to the best of my knowledge.

*Maureen Santini*
Maureen Santini, pro se
5810 Ipswich Road
Bethesda, MD 20814
301.530.0101

5