UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MAUREEN SANTINI, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 07-981(RBW) |
| JAMES RYAN, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

Maureen Santini, the plaintiff in this civil suit, filed suit against James Ryan, her former attorney, in the Superior Court for the District of Columbia (the "Superior Court") alleging breach of fiduciary duty, legal malpractice, and intentional and negligent infliction of emotional distress. First Amended Complaint (the "First Am. Compl.") ¶¶ 16, 18, 28, 30.[1] On May 29, 2007, the defendant filed a notice of removal from the Superior Court to this Court pursuant to 28 U.S.C. § 1446, asserting that this Court has subject-matter jurisdiction "by reason of diversity of citizenship of the parties" under 28 U.S.C. § 1332. Notice of Removal ¶ 7. The defendant subsequently filed a motion to dismiss the plaintiff's amended complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motion to Dismiss at 1. That motion is currently pending before the Court.

---

[1] The plaintiff's amended complaint is attached as an unmarked attachment to the defendant's notice of removal as required by 28 U.S.C. § 1446(a).

In a prior order entered on January 16, 2008 (the "January 16 Order"), the Court observed that it could not rule on the defendant's motion to dismiss until it had "satisf[ied] its 'affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.'" January 16 Order at 2 (quoting <u>Abu Ali v. Gonzalez</u>, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) (internal quotation marks and citation omitted)). As the Court explained in its order, it is unclear from the face of the plaintiff's amended complaint whether the plaintiff seeks damages exceeding $75,000 as required for the Court to have subject-matter jurisdiction under § 1332. <u>Id.</u> at 2-3. The Court therefore directed the plaintiff to clarify whether she seeks $40,000 (the amount requested at the close of each of the four counts in her amended complaint) or $160,000 (the aggregated amount of those four requests) in damages in her amended complaint before determining whether this case should be remanded to the Superior Court pursuant to 28 U.S.C. § 1447(c). <u>Id.</u> at 3.

In response to the January 16 Order, the plaintiff states "that her first amended complaint sought $160,000 [in damages], which represented $40,000 per count." Plaintiff's Response to Court's Order and Motion to Amend Complaint (the "Pl.'s Response") at 1. The basis for this request, as explained by the plaintiff, consists of her "[a]ctual damages" or "out-of-pocket costs" totaling approximately $16,300 and punitive damages amounting to $143,700. <u>Id.</u> at 1-2. The plaintiff also requests leave to file a second amended complaint in which she would eliminate two of the four counts in her first amended complaint, thereby reducing her total damages request to $80,000 and her punitive damages request to $63,700. <u>Id.</u> at 1; <u>see also</u> Second Amended Complaint (the "Second Am. Compl.") at 5 ("The total amount of this complaint is $80,000."). Thus, because the actual damages the plaintiff seeks to recover total only $16,300, regardless of which complaint the Court relies upon in ascertaining the amount in controversy in this case, the

2

plaintiff cannot satisfy § 1332's amount in controversy requirement unless she can recover punitive damages from the defendant.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961). "But if, from the face of the pleadings, it is apparent[] to a legal certainty[] that the plaintiff cannot recover the amount claimed[,] or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); see also Gomez v. Wilson, 477 F.2d 411, 420 (D.C. Cir. 1973) ("When the action solicits damages, the amount sued for is deemed to have been fixed in good faith so long as it is not clear to a legal certainty that no recovery could satisfy the statutory standard."); Fed. Fire Prot. v. J.A. Jones/Tompkins Builders, 267 F. Supp. 2d 87, 90 (D.D.C. 2003) (holding that the "legal certainty standard" is met, inter alia, "when there is a substantive rule of law or measure of damages which limits the amount of money recoverable by the plaintiff"). Further, while "[a] [c]ourt must consider claims for both actual and punitive damages in determining jurisdictional amount," Kahal v. J.L. Wilson & Assocs., Inc., 673 F.2d 547, 548 (D.C. Cir. 1982), it "should scrutinize the punitive damage claim to ensure that it has at least a colorable basis in law and fact." Id. at 549.

"The issue of whether the jurisdictional amount requirement is satisfied thus takes on two aspects in a diversity action over which the [c]ourt lacks subject[-]matter jurisdiction absent a valid claim for punitive damages." Id. at 548. First, the court must determine whether "punitive

3

damages [are] recoverable under local law under the circumstances alleged." Id. The court must then determine whether it is "sufficiently certain as a matter of federal law that the complaint does not satisfy the jurisdictional amount[.]" Id. "In this second step, the plaintiff must present some factual evidence of entitlement to punitive damages." Nwachukwu v. Karl, 223 F. Supp. 2d 60, 66 (D.D.C. 2002) (citing Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994)) (further citation omitted)).

"Whether clients sue their attorney for professional negligence or breach of fiduciary duty, District of Columbia law allows punitive damages only if the attorney acted with 'fraud, ill will, recklessness, wantonness, oppressiveness, [or] willful disregard of the [clients'] rights.'" Hendry v. Pelland, 73 F.3d 397, 400 (D.C. Cir. 1996) (quoting Dalo v. Kivitz, 596 A.2d 35, 41 (D.C. 1991)); see also Hill v. Medlantic Health Care Group, 933 A.2d 314, 334 (D.C. 2007) (reaffirming this standard for punitive damages in general). They "are appropriately reserved only for tortious acts which are replete with malice." Dalo, 596 A.2d at 40 (internal quotation and citation omitted). Thus, it is only when a client's "trust is intentionally and consciously disregarded, and exploited for unwarranted gain" that "community protection, as well as that of the victim, warrants the imposition of punitive damages." Brown v. Coates, 253 F.2d 36, 40 (D.C. Cir. 1958).[2]

In both her first amended complaint and proposed second amended complaint, the plaintiff alleges that the defendant committed two tortious acts. First, the defendant allegedly "permitted a complete copy of his files pertaining to [the] plaintiff to be produced as part of

---

[2] Decisions by the District of Columbia Circuit issued prior to February 1, 1971, constitute binding precedent in the District of Columbia. M.A.P. v. Ryan, 285 A.2d 310, 312 (D.C. 1971).

discovery to parties in [another case] even though [the defendant] was not a party to the case," First Am. Compl. ¶ 14; see also Second Am. Compl. ¶ 14 (same), without "seek[ing] [the] plaintiff's permission to produce th[ose] files," id. ¶ 15; see also Second Am. Compl. ¶ 15 (same). Second, the defendant allegedly "disclosed his recollection" of a prior conversation with the plaintiff "for use by [the] plaintiff's adversaries in a lawsuit . . . by signing an affidavit recounting his memory of the conversation and allowing it to be attached to the public record in [another case]." Id. ¶ 23; see also Second Am. Comp. ¶ 23 (same).

      These allegations "fall far short of showing the blatant wrongdoing necessary for a jury to infer that [the defendant] acted either with deliberate malice or conscious disregard of his client['s] rights." Hendry, 75 F.3d at 400. With respect to the defendant's alleged production of the plaintiff's client file, there is no allegation–let alone evidence–indicating that the defendant produced the document out of "deliberate malice or conscience disregard" for the plaintiff's rights. And with respect to the defendant's alleged submission of an affidavit recalling a privileged communication with the plaintiff, the plaintiff herself alleges that "[a] request to file the affidavit under seal" was made, but "was rejected" by the court in the plaintiff's collateral lawsuit. First Am. Compl. ¶ 24; see also Second Am. Compl. ¶ 24 (same). The defendant's attempt to file his affidavit under seal hardly suggests recklessness or wantonness on his part.

      Finally, the plaintiff does not assert additional facts in her response to the Court's January 16 Order that would reflect malice or conscious disregard by the defendant. Instead, she asserts that the defendant's "intentional disclosure of protected information" warrants the imposition of punitive damages because the defendant "not only violated [the] attorney-client privilege and [the] plaintiff's medical privacy," but also "did so on the public record . . . by allowing his legal

5

files about [the] plaintiff to be copied and distributed to unknown numbers of others without so much as noting their confidential nature." Pl.'s Response at 2.  But "[w]hether punitive damages will lie depends on the intent with which the wrong was done, and not on the extent of the actual damages" suffered by the plaintiff.  Jemison v. Nat'l Baptist Convention, USA, Inc., 720 A.2d 275, 285 (D.C. 1998) (internal quotation and citation omitted).  Nor does the nature of the defendant's alleged breach of fiduciary duty in this case (i.e., the alleged breach of the attorney-client privilege) confer any special susceptibility to punitive damages upon him.  See Dalo, 596 A.2d at 41 n.15 (holding that "for purposes of punitive damage awards, attorneys are to be treated as anyone else" (internal quotation and citation omitted)).

"Actions do not become more egregious simply because of the professional obligations of the person committing them." Id. (internal quotation and citation omitted).  And nothing in the plaintiff's first amended complaint, proposed second amended complaint, or response to the Court's January 16 Order suggests that the defendant acted with "fraud, ill will, recklessness, wantonness, oppressiveness, [or] willful disregard of the [plaintiff's] rights." Dalo, 596 A.2d at 40 (internal quotation and citation omitted).  Because the plaintiff fails to allege such facts (much less support them with any evidence), the Court concludes that it is a legal certainty that the plaintiff will not be able to recover punitive damages in this case, and will therefore remand this case to the Superior Court due to the lack of a sufficient amount in controversy to satisfy the requirements for diversity jurisdiction under § 1332.  The Court will also deny the plaintiff's request for leave to file an amended complaint and the defendant's motion to dismiss without prejudice in light of its determination that it lacks subject-matter jurisdiction in this case.

Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Amend Complaint and the Defendant's Motion to Dismiss are both **DENIED** without prejudice. It is further

**ORDERED** that this case is **REMANDED** to the Superior Court for the District of Columbia. It is further

**ORDERED** that the docket for this case is **CLOSED**.

**SO ORDERED** this 11th day of February, 2008.

REGGIE B. WALTON  
United States District Judge